# Davis v. The State.

## *Indictment for Burglary.*

1. *Burglary; indictment for; when insufficient.*—An indictment for burglary under § 3695 of the Revised Code, which charges the offense merely in the general language of the statute, not setting out the "valuable things" on deposit, or averring their value, is bad.

2. *Same, rule as to, ownership of property.*—The ownership of the building burglariously entered, should not be laid in the partnership, by its firm name merely; but the names of the individuals composing the partnership should be stated.

3. *Oath to jury; what recital of, sufficient.*—It is sufficient, if the judgment entry shows that the jury were duly empanneled, sworn, and charged; but

[Davis v. The State.]

where it purports to set out, or recite the oath administered, the judgment must be reversed, unless a substantial compliance with the statute (§ 4092 Revised Code) is shown.

APPEAL from Circuit Court of Greene.

Tried before Hon. LUTHER R. SMITH.

The appellant was tried and convicted on an indictment, which charged that he "broke into and entered the shop, store, warehouse, or other building of Messrs. Lamb, Blair & Co., in which goods, merchandise or other valuable things were kept for use, sale or deposit, with intent to steal," &c. He moved in arrest of judgment, on the ground that the ownership was not properly laid in the indictment. The court overruled the motion, and sentenced the prisoner to four years imprisonment in the penitentiary. The minute entry of the trial, after reciting the plea of the prisoner, &c., concludes: "Whereupon came a jury of twelve good and lawful men, to-wit: Charles Coleman and eleven others, duly empanneled, sworn and charged well and to try, do say on their oaths that they find the defendant, John Davis, guilty as charged," &c.

SNFDECOR & COCKRELL, and McQUEEN & HEAD, for appellant.—The ownership of the property was not correctly laid in the indictment according to the rules of common law, and the statutes have not abrogated or modified the common law rule on this subject.—*Beal v. State*, 53 Ala.

JOHN W. A. SANFORD, Attorney General, *contra.*—The ownership was rightly laid in the firm name, as it is the only name by which the partnership is known. The ownership is laid merely to identify the building.— *Webb v. The State*, 52 Ala. 422.

STONE, J.—The indictment in this case is bad, because it does not specify the article or articles which constitute the "other valuable things," and does not aver that they *are valuable*. In this respect, it is not enough to follow the language of the statute.—See *Hicks v. State*, at present term, and authorities cited.

We think, also, that the description, in the indictment, of the ownership of the shop, store, &c., in which the goods, merchandise, &c., were kept, should be specified with more particularity. The names of the persons composing the firm should be set out, that it may distinctly appear that the defendant is not one of them.—*Beale v. State*, 53 Ala. 460.

There is also an error in the recital of the oath adminis-
tered to the jury. It contains too much or too little. If the
judgment entry had affirmed only that the jury were duly
empanneled, sworn and charged, this would have been suf-
ficient. When, however, the entry purports to set out the
oath that was administered, it must conform substantially to
the form given in section 4092 Revised Code.—See *Smith v.
State*, 53 Ala. 486. Errors of this kind occur so fre-
quently, that more care should be exercised to prevent them.

Judgment of the circuit court reversed and cause remanded.
Let the prisoner remain in custody until discharged by due
course of law.