[Henderson v. The State.]

# Henderson v. The State.

*Indictment for Burglary.*

1. *Sufficiency of indictment, in description of building, goods, &c.*—In an indictment for burglary in breaking and entering a house "in which any goods, merchandise, or other valuable thing, is kept for use, sale, or deposit" (Code, § 4343), if any thing else than goods or merchandise is alleged to have been kept, it must be alleged to be valuable; but an averment that "goods or merchandise were kept for use," &c., is sufficient without any additional averment of value, and shows with sufficient certainty that the goods were there kept at the time of the alleged burglary.

2. *Competency of co-defendants as witnesses for each other.*—When two persons are jointly indicted, neither is a competent witness for or against the other, unless there has been an order of severance, a *nolle-prosequi*, or a verdict of acquittal entered in favor of the one offered as a witness; and one who has pleaded guilty, but against whom no judgment has been rendered, is not, within this rule, competent to testify for the other.

3. *Recent possession of stolen property, and declarations explanatory thereof.*—The possession of stolen goods, or other fruits of crime, recently after the commission of the offense, is *prima facie* guilty possession; yet, if the accused, when first found in the possession of such property, and before he has had an opportunity to fabricate evidence exculpatory of himself, gives a reasonable and probable account of the manner in which he acquired the possession, such evidence should always be allowed to go to the jury, as tending to rebut the presumption of guilt which might otherwise arise. "This principle has not always been observed in the past decisions of this court—notably in the case of *Taylor v. The State*, 42 Ala. 529; and, perhaps, in *Maynard v. The State*, 46 Ala. 85."

4. *Same.*—Under an indictment for burglary, the prosecution having proved that a valise, part of the property stolen from the house at the time the offense was committed, was found in the defendant's house a short time afterwards, while the defendant's evidence tended to show that he was in Georgia when the alleged burglary was committed; *held*, that it was permissible for him to prove, by a witness who was present, "that on his return home, and so soon as he first discovered the valise, he asked his wife, *Whose valise is that? and how came it here?*"

FROM the Circuit Court of Talladega.
Tried before the Hon. LEROY F. BOX.

WM. IVEY, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment in this case is for the crime of burglary, as defined and prohibited by section 4343 of the Code of 1876. It charges that, before the finding of the

indictment, George Henderson, the appellant, and one Henry Mattison, "broke into and entered the storehouse of Andrew J. Street, in which goods or merchandise were kept for use, sale, or deposit."

The descriptive words of the statute are, "in which any *goods, merchandise,* or *other valuable thing,* is kept for use, sale or deposit." The question of the sufficiency of indictments, framed under this section of the Code, has been ruled on very frequently by this court; and we think the following rule may be declared as having been established : Where the indictment describes the specific class of articles mentioned in the statute, as kept in the building for use, sale, or deposit,—as, for example, either *goods* or *merchandise,*—the law conclusively presumes that they are of *value,* and no averment need be made in the indictment that they are valuable. If, however, the thing deposited is alleged to be any thing else than goods, or merchandise, it must be averred to be *valuable,* or a thing of value; though it is not necessary that its particular value in money shall be stated, this being a matter of evidence merely. *Norris'* case, 50 Ala. 126 ; *Wick's* case, 44 Ala. 398 ; *Matthews'* case, 55 Ala. 65 ; *Davis'* case, 54 Ala. 88 ; *Neal's* case, 53 Ala. 465 ; Clark's Cr. Dig. § 86, and cases cited. Under this rule, the indictment was sufficient ; and it averred with sufficient perspicuity, also, that the articles described were kept, in the building described, at the time of the alleged burglary.

The court did not err in excluding the witness, Mattison, from testifying in behalf of his co-defendant, the appellant. It is true that he had just pleaded guilty to the indictment, but no judgment of conviction had been rendered by the court at the time he was offered as a witness. The authorities are not entirely in accord on this question. In the case of *The People v. Bill,* 10 John. 95, it was held, that where two defendants were jointly indicted for assault and battery, and pleaded separately, one of them being tried first, the other defendant was incompetent to testify for him. In *Rex v. Lafore,* 5 Esp. R. 155, Lord ELLENBOROUGH rejected the testimony of a co-defendant who had suffered judgment ; remarking, at the time, that he had never known such evidence to be offered. In *Commonwealth v. Marsh,* 10 Pick. (Mass.) 57, where two persons were jointly indicted for forgery, and the trial of one was postponed, it was held, by the Supreme Court of Massachusetts, that he was not competent to be a witness for the other. It was said by WILDE, J., that if parties thus jointly indicted were permitted to testify for each other, they might escape punishment by perjury, and "thus they would be allowed mutually to protect each other, and evade the ends of justice."

The proper practice seems to be, that where two or more

[Henderson v. The State.]

defendants are jointly indicted, neither is a witness for or against the others, unless some order is made in the case, which amounts to an acquittal or a *severance.* The trial of the one proposed to be offered as a witness must be severed from that of the co-defendant against whom he is offered; or else a *nolle-prosequi* must be taken, or a verdict of acquittal entered in favor of the proposed witness, as authorized by statute. Whart. Cr. Ev. § 439; 1 Whart. Cr. Law, § 790; Hawk. P. C., b. 2, c. 46, § 90: *Noye's case,* 40 N. J. (Law), 429; Code, 1876, § 4894. Under this principle, there was no such severance as would make the witness Mattison competent to testify in this case, and the court did not err in excluding him.

There was error, in our opinion, however, in excluding the testimony of the witness Jane McElderry. There was evidence before the jury tending to prove that the defendant, Henderson, was in Rome, Georgia, at the time of the alleged burglary; that he returned home after this event, and so soon as he *first* discovered the valise, which was identified as stolen property, in his house, he asked his wife, in presence of the witness, "Whose valise is that? And how came it here?" If these questions, as the evidence tends to show, were put to the defendant when he first discovered the stolen property on his premises, they are manifestly relevant, as going to the very fact of possession.

The rule is well established, that the *recent* exclusive possession of the fruits of crime, soon after its commission, is *prima facie* evidence of guilty possession.—1 Greenl. Ev., § 34. Yet, if the party, at the time he is found in possession of the stolen property, and before he has had the opportunity to concoct evidence exculpatory of himself, give a reasonable and probable account of the manner in which he became possessed of the property, this evidence should always be allowed to go to the jury, so as to rebut the presumption of guilt which might otherwise arise. We are aware of the fact, that this principle has not been always observed in the past decisions of this court; notably in the case of *Taylor v. The State,* 42 Ala. 529; and again, perhaps, in *Maynard v. The State,* 46 Ala. 85. These cases fail to make the proper distinction between an explanation given at the time the defendant is first discovered in possession of the fruits of the crime, and his declarations made at other times, when there was opportunity for the deliberate premeditation of a false story. Such was the case of *Spivey v. The State,* 26 Ala. 90, upon the authority of which the two cases above appear to have been decided.

The principle was, however, recognized and applied in *Crawford's case,* 44 Ala. 45; and is well sustained by authority from the earliest adjudications in English criminal jurisprudence down to the present day.—1 Lead. Cr. Cases, 365, and cases

[Thompson v. The State.]

cited in *note;* 2 Bish. Cr. Proc. §§ 740–746; Clark's Cr. Dig. § 635; *Hampton v. The State,* 5 Tex. (Ct. Ap.) 463; Whart. Cr. Ev. §§ 691, 761.

Mr. Bishop indorses this rule as a reasonable doctrine, and adds: "Such an explanation, especially if given instantly upon the property being discovered, and the accusation brought home to the prisoner's knowledge, is deemed a part of the *res gestæ.*"—2 Bish. Cr. Proc. § 746. In *Cooper's case,* 63 Ala. 80, the declaration of the defendant was excluded, no doubt on the ground that there was ample time for the concoction of an exculpatory statement. It was not contemporaneous with the imputation of guilt by the arresting officer. It was, therefore, or may have been, premeditated, and not instinctive; and, in such cases, is not admissible as either being explanatory of possession, or a part of the *res gestæ.*—Whart. Cr. Ev. § 691.

The questions put by defendant to his wife, as testified to by the witness, Jane McElderry, were a part of the *res gestæ,* explanatory of the fact of possession, which might otherwise be inferred by reason of the stolen property being found on the premises under defendant's control. They should have been permitted to go to the jury, to be passed on and weighed by them for what they were worth, and, as evidence, would be more or less *cogent* or *weak,* according to all the other facts and circumstances of the case.

The judgment of the Circuit Court is reversed, and the cause is remanded.