# Black *v.* The State.

*Indictment for Larceny of Hog.*

1. *Election.*—Where the indictment does not designate a particular act, and there is evidence on the part of the prosecution tending to show more than one act, an election will be compelled; but not where the indictment is so framed as to be adapted to the different phases which the evidence may present of the one transaction particularly charged; as where the indictment charges the larceny of a hog, the property of a person whose name is to the grand jury unknown, and two witnesses testify on the part of the prosecution, the testimony of each tending to show that the hog belonged to him, an election as to the fact of ownership will not be compelled.

2. *Larceny; open taking as evidence of intent.*—If the taking was open and notorious, and there was no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence before a conviction is authorized.

3. *Reasonable doubt as to ownership.*—On a prosecution for the larceny of a hog, alleged to belong to some person whose name is to the grand jury unknown, if, on all the evidence, there is a reasonable doubt whether the animal belonged to a third person or to the defendant himself, this would entitle the defendant to an acquittal.

FROM the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case contained but a single count, which charged the defendant with the larceny of a hog, "the personal property of some person whose name is to the grand jury unknown;" and the trial was had on issue joined on the plea of not guilty. On the trial, as appears from the bill of exceptions, the State introduced one Roach as a witness, who testified, in substance, that he owned a "bunch of hogs," which were running in the swamp of Murder creek, near the defendant's house; that they were of different colors, black, red, and white and black spotted; that he missed several of them, and, finding near a spring which was used by the defendant and his family, marks showing that a hog had been recently cleaned there, he procured a search-warrant, and went with an officer to the defendant's house; that they told the defendant they were looking for hog-meat, and asked if he had any; that he said he had, and told them to search his premises; that they found several parts of a hog, and with them the head; that the ears were unmarked, the weight of

6

[Black v. The State.]

the hog, in his judgment, about one hundred pounds, and the color black; and that the defendant told them he had killed the hog in the swamp a few days before, and that Isam Autry, his father-in-law, "had told him he could have some of his hogs, which were running wild in the swamp." One Matthews, the officer who executed the search-warrant, testified to the same facts in substance, and was asked, on cross-examination, "if he had lost any hog or hogs;" to which he replied, "that he had, and that his hog was white, was marked, and would weigh from sixty-five to one hundred pounds." The defendant then asked the court to exclude from the jury "all that this witness had said about his hog, or the loss thereof;" and this motion being overruled, he moved the court to "require the State to elect as to which hog, that of Roach or that of Matthews, a conviction would be asked;" which motion was also overruled, and exceptions duly reserved to each ruling. Said Isam Autry testified on the part of the defense, that he had given the defendant permission to kill some of his hogs which were running in the swamp, and that the defendant had sent him some of the meat of the hog which he had killed; and there was evidence on the part of the defendant, tending to show that the killing was done openly, and that there was no denial or attempt at concealment by him.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the taking was open and notorious, and there was no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises, that there was no felonious intent; which must be repelled by clear and convincing evidence, before a conviction is authorized." (2.) "If, after looking at all the evidence, it is left in doubt whether the hog found in the defendant's possession. and which he is charged with stealing, was the property of himself or of some other person, this leaves in doubt a material allegation of the indictment, and the defendant is entitled to the benefit of this doubt, and would be entitled to an acquittal."

N. STALLWORTH, and WATTS & SON, for appellant, cited 2 Archb. 1157; *Elam v. State*, 26 Ala. 48; *McMullen v. State*, 53 Ala. 531.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant insists, that the State, by

[Black v. The State.]

introducing evidence tending to show that the hog charged to have been stolen belonged to the witness Roach, elected to proceed for larceny of the property of Roach, and could not afterwards offer evidence tending to show that it belonged to another person. When an indictment does not designate a particular act, and there is evidence showing more than one act, the prosecutor will be compelled to elect the particular offense for which he will proceed; but the principle of election is applicable only when there is evidence of separate and distinct transactions. An election will not be enforced, when the indictment is so framed as to be adapted to the different phases, which the evidence may present, of a single transaction. The indictment avers that the owner is unknown; and the State did not attempt to prove more than one act. In such case, the State ought not to be compelled to elect as to the mere fact of ownership. No prejudice could result to the defendant from evidence that one or the other of two persons was the owner. The record does not present a case for election.—*Smith v. State*, 52 Ala. 384.

The charge requested by defendant, that if the taking was open and notorious, and there was no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence before a conviction is authorized, is substantially in the language of the rule as declared in *McMullen v. State*, 53 Ala. 531, and should have been given.—*Rountree v. State*, 58 Ala. 383; *Johnson v. State*, 73 Ala. 523.

Before a conviction can be had in a criminal case, all the essential constituents of the offense must be proved beyond a reasonable doubt. Generally, larceny is the taking the possession, and carrying away the goods of another, with the felonious intent to convert them to the use of the taker, or of some other person. There are exceptional cases, in which the owner may be guilty of stealing his own goods, but this case does not come within the exceptions. Under the circumstances of this case, if the hog was the property of the defendant, there could have been no larceny. If the evidence left in doubt whether the hog was his property, or the property of some other person, the State failed to establish, beyond a reasonable doubt, the guilt of the defendant. The court erred in refusing to give the instruction requested by defendant in regard to such doubt.

Reversed and remanded.