# McCormick *v.* The State.

## *Indictment for Burglary.*

1. *Burglary; when not necessary to prove value of articles taken from house burglarized.*—Where a defendant is tried under an indictment which charges that, with the intent to steal, the defendant broke into and entered a store "in which goods, merchandise, or watches, things of value, were kept for use, sale or deposit," and evidence is introduced on the trial that goods were kept for sale in the store alleged to have been broken into, it is immaterial that there was no evidence as to the value of a watch found in defendant's possession, and which had been taken from said store, or as to the value of anything kept in the store.

2. *Burglary; admissibility in evidence of defendant's possession of property taken from store.*—On a trial under an indictment charging the burglary of a store, the fact that a watch, stolen from said store at the time of the alleged burglary, was found in the possession of the defendant about six weeks after the burglary, upon the defendant's being arrested in a distant city in another state, is competent and admissible in evidence, especially in connection with other testimony, that the defendant, when found with the watch, had the same concealed in his sleeve and made contradictory statements as to where he obtained the watch.

3. *Burglary; charges as to recent possession of stolen property.*— On a trial under an indictment for burglary, where there was evidence introduced showing that a watch stolen from the store at the time of the alleged burglary, was about six weeks

[McCormick v. The State.]

thereafter found in possession of the defendant in a distant city, and that it was concealed in the defendant's sleeve, and that he made contradictory statements as to how he obtained the watch, charges requested by defendant which instruct the jury that "the unexplained possession of property recently stolen does not raise a presumption of guilt, but it is for you to say whether the unexplained possession of goods recently stolen satisfies you beyond a reasonable doubt of the defendant's guilt," are properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, William McCormick, was indicted, tried and convicted for burglary, and sentenced to the penitentiary for five years.

The store alleged in the complaint to have been burglarized, was the jewelry store of one Ike Loeb of the City of Montgomery, and the said Loeb, as a witness for the State, testified that he kept watches, cut glass, jewelry and other goods such as are kept in a jewelry store, in his said store in the City of Montgomery; that he put several watches and other articles of merchandise in the show window of the store, which was adjacent to the sidewalk; that on the night of the 8th of December, 1903, he went to the store in response to a telephone call, and found that a piece of the plate glass pane to the show window had been cut out, and that several watches and other articles had been taken from said show window. Upon being shown the watch which was taken from the defendant on his being arrested in Nashville, Tenn., which is a city about 300 miles distant from Montgomery, Ala., the said Loeb identified the watch as having been one of the watches which had been placed in his show window on December 8th, 1903.

One Dowd was introduced as a witness for the State, and testified that he was a detective connected with the police department of Nashville, Tenn., and that on January 20, 1904, he, together with another officer, arrested the defendant in Nashville for vagrancy. Thereupon the solicitor for the State asked the witness the following question: "State what you found upon the defendant, and where you found it?" The defendant object-

ed to this question because it was shown that the burglary was committed on Dec. 8th, 1903, and the defendant being in possession of any of the property stolen from said store on Jan. 20th, 1904, was too remote, and such possession was not sufficiently recent. The court overruled the objection, and the defendant duly excepted. The witness in answer to the question, stated that he found a watch upon the defendant, which watch was in the defendant's coat sleeve between the lining and the outside of the sleeve. Defendant moved to exclude this answer upon the same grounds, and duly excepted to the court's overruling his motion.

The witness identified the watch which had been previously identified by Mr. Loeb as one of the watches stolen from his store, and stated that said watch was the one he took from the defendant after his arrest.

This witness and another witness for the State each testified that without any inducements or threats, the defendant, when the watch was first found on him, stated that his brother gave it to him three years before; and at another time the defendant stated that he purchased the watch from a man he did not know at Akron Junction, Ohio, about six weeks before his arrest. The solicitor introduced in evidence the watch which was described in the bill of exceptions, "was gold-looking, double-case, gentleman's watch." The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give to each of them, as asked: (B.) "The court charges the jury that under the evidence in this case you must find the defendant not guilty." (C.) "I charge you gentlemen of the jury, that you must consider the confessions of the defendant with caution." (2.) "The court charges the jury that if they believe from the evidence that one of the watches stolen, when the store of Ike Loeb in this city was burglarized, was found upon the defendant in Nashville, Tenn., about three hundred miles distance from Montgomery, and about six weeks after the time the said store is said to have been burglarized, and further that the defendant has never been shown to have been in the city of Montgomery on

or about the time the burglary is said to have been committed, the said possession is not such a possession of recently stolen property, even though unexplained as would justify a conviction of the offense charged." (5.) "The court charges the jury that if they believe from the evidence that one of the articles stolen when the store of Ike Loeb in this city was burglarized, was found upon the defendant in Nashville, Tenn., about three hundred miles distance from Montgomery, and about six weeks after the time the said store is said to have been burglarized, and further that the defendant has never been shown to have been in the proximity of the scene of the burglary, the said possession by the defendant is not such a possession of recently stolen property, even though unexplained, as would justify a conviction of the offense charged." (7.) "The court charges the jury that the unexplained possession of property recently stolen does not raise a presumption of guilt, but it is for you to say whether the unexplained possession of goods recently stolen satisfies you beyond a reasonable doubt of the guilt of the defendant."

T. M. ARRINGTON and R. G. ARRINGTON, for appellant. The affirmative charge, Charge B, should have been given as there was no evidence of any value as averred in the indictment.—*Gilmore v. The State,* 99 Ala. 154; *Rowland v. The State,* 55 Ala. 210. Charge 7 is good and should have been given.—*Orr v. The State,* 107 Ala. 35; *Thomas v. The State,* 109 Ala. 27; *Bryant v. The State,* 116 Ala. 445.

MASSEY WILSON, Attorney-General, for the State. If the defendant did burglarize the store and steal the property, he doubtless left the City at once, and his capture in a foreign state in forty-two days thereafter, his possession of the stolen property might, as a matter of law, be said to be recent. Certainly it was not error to leave it to the jury to say whether the possession was recent.—*White v. The State,* 72 Ala. 195-200; *Malachi v. The State,* 89 Ala. 134-42. Appellant's counsel contend that the affirmative charge should have been given

because there was no evidence that the watch, the subject of the burglary, was of any value. The testimony showed that the watch identified as having been stolen, was gold, and that gold is a thing of value is a fact which all men must be presumed to know. No proof was, therefore, necessary that the watch was of any specific value.—*Miller v. The State,* 77 Ala. 41; 89 Am. Dec. 663, note; *Commonwealth v. Burke,* 12 Allen 182; *Commonwealth v. McKenny,* 9 Gray 114; *Remser v. People,* 57 Barks (N. Y.) 324. See also *Rose v. The State,* 117 Ala. 77; *Hornsby v. The State,* 94 Ala. 55-63.

SHARPE, J.—Defendant was convicted of burglary under an indictment charging that he with intent to steal broke into and entered a store "in which goods, merchandise or watches, things of value, were kept for use, sale or deposit," etc. In this averment the words "things of value" appear to have been used as descriptive of what is therein termed "watches," and not as applying to the mentioned "goods" or "merchandise." It was not necessary to aver or prove the goods and merchandise had value, and proof having been made on the trial that goods were kept for sale in the store alleged to have been broken into, it is immaterial that there was no evidence as to the value of the watch found in defendant's possession and none as to the value of anything kept in the store.—*Rose v. State,* 117 Ala. 77; *Henderson v. State,* 70 Ala. 23; *Kelly v. State,* 72 Ala. 244.

The fact that a watch stolen from the store at the time of the alleged burglary was, about six weeks thereafter, in possession of defendant, who was then in Nashville, Tennessee, was proper to be considered in evidence, especially in connection with the other evidence which tended to show that defendant when found with the watch had the same concealed in his sleeve and made contradictory statements, some of which were necessarily false, as to how he got the possession.—*Randolph v. State,* 100 Ala. 139; *Ross v. State,* 82 Ala. 65.

There was no error in the refusal of charges requested by defendant. Those numbered 2, 5 and 7 were each

[Brown v. The State.]

calculated to unduly obscure and avoid the effect of the evidence as to defendant's concealment of the watch and his inconsistent statements concerning same.

Charge B would have invaded the province of the jury. The statements shown to have been made by defendant did not amount to a confession. Charge C was, therefore, abstract.

Nn error is shown by the record, and the judgment will be affirmed.