# Hawkins v. The State.

## Burglary.

(Decided June 12, 1913.   62 South. 974.)

*Burglary; Indictment; Description of Property.*—Under section 6415, Code 1907, an indictment which describe the place burglarized as a storehouse in which goods, merchandise or clothing or things of value were kept for use, etc., was defective, in failing to describe the property mentioned as things of value, so as to determine whether they were within the general terms of the statute; the averment being in the alternative, and hence, could be supported by evidence of either of the alternatives alleged. Such indictment should describe the things of value when alleged in the alternative, so as to enable the court to say whether they cover other things belonging to the same class as those specifically designated.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

George Hawkins was convicted of burglary and he appeals.  Reversed and remanded.

McCONNELL & CONNER, for appellant.  The indictment was fatally defective, and the demurrer should have been sustained.—*Danner v. State,* 54 Ala. 128; *Johnson v. State,* 32 Ala. 583; *Picket v. State,* 60 Ala. 77; *Henderson v. State,* 70 Ala. 23.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The indictment in this case charged that the defendant, "with intent to steal, broke into and entered the storehouse of Frank Slone, in which goods, merchandise, or clothing, or things of value were kept for use, sale, or deposit," etc.  It was demurred to upon the ground, among others, that it failed to aver or show what the alleged things of value were.  We are

[Hawkins v. The State.]

of opinion that it was subject to demurrer on the ground stated. A store, to be a subject of burglary, under section 6415 of the Code, must be one in which "goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit." The averment of the indictment as to what was kept in the storehouse mentioned was in the alternative, and as to this feature of it could be supported by evidence of either of the alternatives alleged, one of which was to the effect that the store was a place in which "things of value were kept for use, sale, or deposit." The indictment was fatally defective on demurrer because of its failure to describe the "things of value," so as to enable the court to determine whether they were such things as are within the contemplation of the general terms used in the statute to cover other things belonging to the same class as those which are specifically designated, and the defendant to be informed of the charge against him.—*Pickett v. State,* 60 Ala. 77.; *Danner v. State,* 54 Ala. 127, 25 Am. Rep. 662; *Davis v. State,* 54 Ala. 88; *Johnson v. State,* 32 Ala. 583. The authorities cited plainly state the rule and the reasons supporting it.

In reference to the objection to the introduction in evidence of a stamp book, which there was evidence tending to prove was of the same kind as some which, after the burglary, were missing from the rifled safe in the store, and was found in a pile of cotton seed in a shed room of the defendant's house about which the trailing dogs sniffed when they went to that place after the burglary, it is enough to say that the bill of exceptions does not show that that objection was ruled on by the court, that such stamp book was admitted in evidence, or that an exception was reserved to a ruling of the court permitting its introduction in evidence.

Reversed and remanded.