# Ashmon *v.* The State.

## *Burglary.*

(Decided November 27, 1913.   63 South. 754.)

1. *Burglary; Indictment and Information.*—Where the indictment was drawn in code form, and recites that accused broke into a building in which goods, merchandise or clothing, things of value were kept, leaving out the disjunctive "or" between the words "clothing" and "things" as in section 6415, Code 1907, the words "things of value" were thereby made to refer only to clothing, and where the evidence showed that defendant took nothing but money from the building, and there was no evidence that the building contained anything else, there was a variance that was fatal.

2. *Burglary; Evidence.*—The evidence stated and held sufficient to show a breaking and entry, and that it was a question for the jury whether the articles found in defendant's possession shortly after the offense were those stolen and missing.

3. *Same; Breaking.*—The forcible removing of a bar used as a fastening across a door is a breaking.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Jim Ashmon was convicted of burglary and he appeals.   Reversed and remanded.

C. S. McDOWELL, JR., for appellant.   Counsel insists that the affirmative charge should have been given, first because no breaking was shown, and second because the evidence fails to disclose that there were any goods, wares, merchandise, clothing, things of value in the store, and only money is shown to have been missing.— *Jeffries v. State,* 67 South. 270; *Sanders v. State,* 167 Ala. 85.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   A forcible movement and displacement of the bar across the door

through which the alleged burglar entered was a sufficient breaking to establish the offense.—*Lowder v. State,* 63 Ala. 143; *Carter v. State,* 68 Ala. 96. The unexplained possession of the alleged stolen goods was competent as evidence.—*Hale v. State,* 122 Ala. 85, 89; *McCormick v. State,* 141 Ala. 75, 79.

PELHAM, J.—The indictment in this case alleges (omitting the formal and stating parts) that the defendant, "with intent to steal, broke into and entered the dwelling house, or a building within the curtilage of the dwelling house, or shop, store, warehouse, or other building of J. C. McRae in which goods, merchandise, or clothing, things of value, were kept for use or deposit." While the indictment is practically in the form prescribed for burglary (Criminal Code, p. 664, form 27), it is not as broad as the statute defining what shall constitute the offense (Code, § 6415), in that in the second clause of the section of the Code defining the offense "other valuable thing" is used disjunctively as related to the specified things kept for use, sale, or deposit; the word "or" immediately preceding "other valuable thing" in the statute, while in the form prescribed for an indictment the enumerated things "goods, merchandise, or clothing" are immediately followed by the words "things of value," with only a comma between, and not separated by the disjunctive "or," as in the statute defining the offense. The use of the words "things of value" in the connection in which they appear in form 27, and in the present indictment, makes it, the form, and indictment in this case, more restricted and narrow in meaning, and it does not comprehend or cover the entire offense as prescribed by the statute, wherein it uses the words "or other valuable thing" in the connection in which those

[Ashmon v. The State.]

words are used in the statute defining the offense of burglary. As used in the connection in which they appear in the form, the words "things of value" have been construed by our Supreme Court to have reference to and to be descriptive of that designated thing immediately preceding these words (in this case "clothing").— *McCormick v. State*, 141 Ala. 75, 79, 37 South. 377.

On the trial the proof showed that a store of one J. C. McRae was burglarized and 20 silver quarter dollars taken therefrom on a certain night; but it was not shown that it was a store in which goods, merchandise, or clothing was kept, as alleged in the indictment. Except as to the 20 silver quarters stolen, it was not shown by the evidence set out in the bill of exceptions that anything was kept in the store, and it was not alleged in the indictment that silver money, the only thing shown to have been taken, was kept in the store. Under this state of the proof on an indictment containing the averments we have set out and discussed above, the contention of appellant's counsel that it was error for the court to refuse the general charge in writing requested by the defendant is well taken. There was a fatal and total variance between the allegations and the proof.—*Gilmore v. State*, 99 Ala. 155, 13 South. 536. The indictment is otherwise insufficient to support a conviction on the evidence introduced.—*Neal v. State*, 53 Ala. 465; *Henderson v. State*, 70 Ala. 23, 45 Am. Rep. 72.

The insistence of appellant's counsel in brief that there was no evidence of a breaking is not well taken. No question seems to have been raised in the trial court as to the store's having been broken into, and it would appear from the evidence, as set out in the bill of exceptions, that this fact was conceded on the trial, for the defendant's witnesses referred to and designated the oc-

casion as "the time the store was broken open." The first witness examined in behalf of the state (McRae, the proprietor of the store) testified, without objection, that "the store was broken open on Saturday night"; that "it was burglarized and broken open." No evidence is shown to the contrary, and we think it appears with sufficient clearness from the testimony that the breaking consisted of the forcible removal or displacement of the bar across the door used as a fastening, and this would be a sufficient breaking.—*Carter v. State,* 68 Ala. 96.

Whether or not the articles found upon the defendant's person shortly after the burglary were the goods missing and stolen from the store was a question of fact for the jury to pass upon, in the light of all the evidence before it having a tendency to identify them as the same, for, if it had not been for the failure of the proof to correspond with the allegations of the indictment in the particular herein pointed out, the corpus delicti would have been proven, and therein lies the distinction between the cases cited by the defendant (*Jeffries v. State,* 7 Ala. App. 144, 62 South. 270; *Saunders v. State,* 167 Ala. 85, 52 South. 417, 28 L. R. A. [N. S.] 536) and this case. In those cases there was a failure of the proof to show the corpus delicti; while the evidence in this case is not lacking in that particular except in the matter of variance referred to.

For the errors pointed out, the judgment of the court below must be reversed.

Reversed and remanded.