# Green *v.* The State.

### Burglary.

(Decided February 6, 1917. 74 South. 399.)

**Indictment and Information; Demurrer; Burglary.**—The indictment examined and held not subject to the grounds of demurrer, that the "things of value" as averred or set out in the indictment is not disjunctively used or separated by the word "or" as related to the specified thing or articles kept for use, sale or deposit, since the words "things of value" are descriptive of the word clothing.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Charlie Green was convicted of burglary and he appeals. Affirmed.

JOHNSON & MCMAHAN, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The indictment upon which the defendant was tried was for burglary, and practically follows the code form.—Code 1907, p. 664, form 27. Omitting formal stating parts, the indictment reads that: "Charlie Green, with intent to steal, broke into and entered the store of W. A. Brown, in which goods, merchandise, or clothing, things of value, were kept for use, sale, or deposit."

The indictment was demurred to on the ground that the "things of value" as averred or set out in the indictment is not disjunctively used, or separated by the word "or," as related to

the specified things or articles kept for use, sale or deposit. It is insisted that the indictment is defective and subject to demurrer for this reason, and that the cases of *Hawkins v. State,* 8 Ala. App. 234, 62 South. 974, and *Ashmon* v. State, 9 Ala. App. 29, 63 South. 754, are determinative on the proposition favorable to defendant's contention.

The question of the sufficiency of the indictment on attack by demurrer was not presented in the *Ashmon Case, supra,* and was not dealt with in the opinion of that case. The question there discussed, in this connection, was the restricted meaning that must be accorded to the words, "things of value" in the connection in which they are used in an indictment following the code form for burglary (form 27, p. 664 of the Criminal Code) under the holding of the Supreme Court in *McCormick v. State,* 141 Ala. 75, 37 South. 377. The proposition under consideration in the *Ashmon Case* being a question of variance between the evidence and the averments, or charge, as preferred by the allegations of the indictment, the case is not in point, and has no bearing on the question here as to the validity or sufficiency of the indictment on attack by demurrer in not alleging "things of value" disjunctively.

The indictment in this case not alleging "things of value" in the alternative, as did the indictment under discussion in *Hawkins' Case, supra,* the holding in that case is rather an authority for than against the validity of the indictment as against the attack made on it by demurrer in the instant case. The holding in that case was that as the indictment did allege "things of value" in the alternative, proof could have been made and a conviction had on anything of value shown to have been in the store, whether or not they were such things as are within the contemplation of the general terms used in the statute (Code, 6415) to cover other things belonging to the same class as those which are designated. No such question is presented in the present case. The words, "things of value," as used in the averment of the indictment in this case, are descriptive of "clothing."—*McCormick v. State,* 141 Ala. 75, 37 South. 377.

The indictment substantially follows the form, and was good as against the attacks made against it by demurrer.—*Norman v. State,* 13 Ala. App. 337, 340, 69 South. 362; *Kelly v. State,* 72 Ala. 244; *Henderson v. State,* 70 Ala. 23, 45 Am. Rep. 72. See. also, *Hankinson v. State,* 2 Ala. App. 110, 57 South. 61.

No other question is presented by the record, and the judgment of conviction appealed from is ordered affirmed.

Affirmed.