(113 So. 482)

**CHEATWOOD v. STATE.** (7 Div. 324.)

Court of Appeals of Alabama. May 10, 1927.

Rehearing Denied June 30, 1927.

· S. W. Tate, of Anniston, for appellant.

166

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. ■ The sole question of merit in this appeal is whether there is sufficient corroboration of the testimony of an accomplice to meet the requirements of the statute, which says:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense." Code 1923, § 5635.

■ The witness Murphy, in addition to admitting his guilt, jointly with this defendant, admits that in court he swore falsely in an effort to get out of this trouble. The corroboration necessary must be of some fact material to the issue and tending to connect defendant with the commission of the crime charged. Malachi v. State, 89 Ala. 134, 8 So. 104; Wallis v. State, 18 Ala. App. 108, 90 So. 35; Segars v. State, 19 Ala. App. 407, 97 So. 747.

In this case a burglary of a pool room is shown to have been committed, some time before 9 o'clock at night. There was taken therefrom some Chesterfield cigarettes, in two size packages, a few John Ruskin cigars, and some chewing gum. When defendant was arrested, about 9 o'clock, he was in company with Murphy and two other boys in the third story of an abandoned hotel in the town, and not far from the place burglarized. Shortly after 7 o'clock on the same night defendant was seen with Murphy coming towards the place burglarized, and on the same street and within one-half block thereof. When arrested, the defendant had several packages of Chesterfield cigarettes, of the same description as those stolen, and one John Ruskin cigar. If these cigarettes and cigar had been identified as those stolen, a chain of circumstances would have been proven, sufficient of themselves to have sustained a conviction. The corroboration required and necessary to a conviction in cases of this kind does not require corroboration of every fact, but of some material fact tending to con-

vict the defendant. We can therefore eliminate the identification of the property, and we still have the defendant's proximity to the same, going in the direction of the place burglarized, in company with the accomplice, immediately before and immediately after the burglary, and when arrested a short time thereafter, in the third story of an abandoned hotel, without lights, and still in the company of the admitted burglar. We think the corroboration is sufficient. In Ross' Case, 74 Ala. 532, it was held that proximity and opportunity is a material circumstance, when coupled with an unseasonable hour. Here we have proximity, opportunity, association with the admitted burglar, and a hiding with him in an unusual place and where they had no right to be.

■ The indictment charged that defendant, with the intent to steal, broke into and entered the shop, store, warehouse, or other building of S. V. Reaves, in which goods, merchandise, cigarettes, things of value, were kept for use, sale, or deposit. There was no demurrer to the indictment. As to the contents of the building, this indictment is the same as in the case of McCormick v. State, 141 Ala. 75, 37 So. 377, where it was held that the words "things of value" were descriptive of watches (cigarettes here). It was further held that, as to the goods or merchandise, it was not necessary to either aver or prove value. And in Henderson v. State, 70 Ala. 23, 45 Am. Rep. 72, it is held that, where the indictment describes the specific class of articles mentioned in the statute as kept in the building for use, sale, or deposit—as, for example, either goods or merchandise—the law conclusively presumes that they are of value, and no averment need be made in the indictment to this effect. Furthermore, aside from the fact that Reaves testified that "he kept in this place cigarettes, tobacco, cigars, and such as that," that some of these were taken, and Archie Reaves testified that the cigarettes were 10 and 15 cent packages, and one nickel package of chewing gum, which in itself would be sufficient, as tending to prove value, this court judicially knows that cigarettes in 10 and 15 cent packages constitutes merchandise of the kind usually sold in stores.

■ It is insisted that there is no proof that these goods or merchandise were kept for "use, sale or deposit." The evidence on this point is by the proprietor, who says: "I have a place of business in town, a pool room on Tenth street. I keep in this place cigarettes, tobacco, and cigars, and such as that." In the absence of any evidence to the contrary, this was sufficient to warrant the jury in finding that the articles were kept for one of the purposes named and as a part of the business in which Reaves was engaged.

■ The only remaining question is as to whether the evidence justifies a finding that

the place burglarized was a store, shop, or warehouse, in which goods, wares,· and merchandise were kept. As to this Reaves testifies: "I have a place of business here in town. * * * I keep in this place cigarettes, tobacco, cigars, and such as that." We think this is sufficient to go to the jury.

In line with the foregoing, the charge of the court to the jury was free from error. We find no error in the record, and the judgment is affirmed.

Affirmed.