(135 So. 603)

## BIVINS v. STATE.
### 8 Div. 127.

Court of Appeals of Alabama.
April 7, 1931.

Rehearing Granted June 23, 1931.

W. H. Long, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### SAMFORD, J.

This is just a plain simple case of grand larceny in which the defendant is charged with the felonious taking of a cow. It is admitted by defendant that he did take a cow and sell it for $25, but he claims that the cow belonged to his wife; that it was running out on the commons; that his wife told him to take it and sell it; and that he took it openly, sold it openly, and when charged with the theft he still claimed that the cow was his wife's. The state, on the other hand, offered testimony tending to prove the felonious taking and carrying away of the cow and that it

was not the property of defendant's wife, but was the property of Will Jolly, the prosecutor, and that its peculiar markings were such as that defendant could not have mistaken the cow for that of his wife's. Many, many exceptions were reserved by the defendant to the introduction of evidence, but upon examination we find that in each instance the ruling of the court was free from error or was of such nature and effect as not to injuriously affect the substantial rights of defendant.

■ Regarding the thirty-two refused charges requested in writing by defendant, we have read and considered each of them. Where these charges state correct propositions of law, the same charge had been given by the court either in his oral charge or in written charges at the defendant's request.

The record as a whole discloses full opportunity for the defendant to introduce evidence to sustain his defense, and the charge of the court was full, fair, explicit, and stated the law of the case as applied to the facts.

We find no error, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Upon a further consideration of this case, we are of the opinion that the trial court erred in the following particulars:

■ 1. Upon the cross-examination of Anna Gordon, the person who purchased the cow from defendant, she was asked if defendant did not tell her it was his wife's cow and he wanted to sell her. To this question witness answered: "Yes sir, he said it was his wife's cow." This answer was excluded on motion of the state and defendant excepted. This declaration of defendant while in possession of the property, at the time and under the circumstances shown, were admissible as explanatory of his possession of the cow. Barnes v. State, 103 Ala. 44, 15 So. 901; Henderson v. State, 70 Ala. 23, 45 Am. Rep. 72.

■■ 2. We are now of the opinion that defendant's refused charge 31 should have been given and that the court in his oral charge in dealing with this proposition was not authorized to limit the charge by qualifying it and making it only apply "under certain circumstances." The charge is an exact copy of charge No. 1 held to be good in Black v. State, 83 Ala. 81, 3 So. 814, 3 Am. St. Rep. 691.

The application for rehearing must be granted, affirmance set aside, and the judgment reversed and the cause remanded.

Reversed and remanded.