7 So.2d 893

**PARRISH v. STATE.**

**7 Div. 626.**

Court of Appeals of Alabama.

March 17, 1942.

Rehearing Denied April 7, 1942.

Motley & Motley, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

■ Appellant was convicted of the offense of burglary in the second degree; the single count of the indictment which was submitted to the jury being (omitting formal parts) in the following language, to-wit: "The Grand Jury of said County charges that before the finding of this Indictment Carl Parrish, whose true name is otherwise unknown to the Grand Jury, with intent to steal, broke into and entered the store, warehouse, or other building of T. F. Herring, Jr., operating Wall Street Cafe, in which goods, merchandise, or clothing, things of value, were kept for use, sale or deposit."

The said count of the indictment followed, so far as we can see, not only the language of the Statute denouncing the offense (Michie's 1936 Cumulative Supplement to the Alabama Code of 1928 Sec. 3481(1), Code 1940, Tit. 14, §§ 85, 86), but the form prescribed by Code 1923, Sec. 4556, Sub. Sec. 27, Code 1940, Tit. 15, § 259, subd. 27. It was not subject to the demurrers interposed.

The Assistant Attorney General here representing the State has, in his brief, demonstrated too clearly for argument that the two cases cited and relied upon by appellant's counsel, in support of their said demurrers, viz: Hawkins v. State, 8 Ala. App. 234, 62 So. 974; and Ashmon v. State, 9 Ala.App. 29, 63 So. 754, are entirely inapt —citing us to Green v. State, 15 Ala.App. 579, 74 So. 399, and Cheatwood v. State, 22 Ala.App. 165, 113 So. 482. But we deem further discussion useless.

There were two or three exceptions reserved on the taking of testimony, but the rulings underlying same were in each instance so obviously correct or innocuous that we will only notice them to say that no prejudicial error appears.

■ Lest there be confusion caused by our affirmance of the judgment and sentence of the court—the said sentence being to imprisonment in the penitentiary for an indeterminate term of not less than five years nor more than ten years—let it be noted that the offense committed by appellant was in March, 1939, and the act repealing the law authorizing the imposition of indeterminate sentences was not approved before August 24, 1939, and applied only to offenses committed subsequent to this latter date. Gen. Acts 1939, p. 438.

We find nowhere any error of a nature prejudicial to appellant's rights, and the judgment appealed from is affirmed.

Affirmed.