The defendant was indicted and convicted for robbery. The trial court fixed sentence at twenty years and one day imprisonment.
 I
On appeal the defendant first questions whether the testimony of Dian Miller, an admitted accomplice, was sufficiently corroborated to sustain his conviction. We hold that it was.
Ms. Miller testified that she and Calvin Joe Earls met the defendant at her house in Decatur between seven and eight on the morning of May 15, 1978. The three went to a "bootlegger's" in Decatur and had "supposedly just gone out for a ride for the day". They went to Cullman and Huntsville and all were drinking. Ms. Miller testified that after dark, while they were coming back from New Hope, a conversation took place about "wanting to get money and knowing a store that was not guarded". According to her testimony, the defendant "said he knew of a store that would be easily taken . . . because there was no one there to speak of, other than a young boy . . .".
Ms. Miller stated that the defendant refused to go into the store because "they knew him in there, he had frequented the store". Earls "was too drunk to walk into that store to do anything of that nature" so Ms. Miller "more or less volunteered to go ahead". The defendant handed her a pistol before she went in and reassured her that everything would be fine and not to worry about anything.
Ms. Miller then robbed the young store attendant at gunpoint, got back in the car, and handed the money and gun to the defendant. Earls also went into the store but the defendant never left his position in the back seat of the automobile. After the robbery Ms. Miller changed clothes at the suggestion of the defendant.
Ms. Miller's admitted participation in the robbery renders her an accomplice as a matter of law. Andrews v. State,370 So.2d 320, 321 (Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala. 1979); Jacks v. State, 364 So.2d 397, 403 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978). Therefore her testimony required corroboration. Alabama Code Section 12-21-222 (1975). The test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense. Miller v. State, 290 Ala. 248,275 So.2d 675 (1973); Andrews, supra.
Billy Ray Hughey was employed at Charlie's Beverages the night of the robbery. He stated that Dian Miller came in the store and demanded all the money at gunpoint. He handed her between two hundred and fifty and two hundred and seventy-five dollars in twenties, tens, fives and ones from the cash register. Hughey could see that the taillights of the get-away car were not burning and was informed that the vehicle was a station wagon. He notified the police and thirty minutes later identified Miller and Earls as the two who had come into the store. He noted that Ms. Miller had changed clothes. He also identified the defendant as having seen him in the store on numerous occasions. The trio had been apprehended only six miles from the store they had just robbed. The defendant was sitting in the back seat of the station wagon. Hughey testified that the defendant did not come into the store that night.
Connie Denise Hughey, Billy Ray's wife, testified that as she left the store that night "around something `til ten" she saw a man *Page 805 
sitting in the front seat and one in the back seat of the station wagon. She did not recognize either man.
At approximately 9:55 that night State Trooper Rex Ledbetter heard a radio dispatch concerning a robbery and describing the vehicle involved. He drove at a high rate of speed in the direction the vehicle was reported traveling and passed a station wagon matching the description parked on the shoulder of the road. As Officer Ledbetter made a u-turn and circled back toward the vehicle "the headlights of that car came on and it entered the roadway northbound and passed me". Officer Ledbetter made another u-turn, closed in behind the vehicle, turned on the blue light and pulled the vehicle over at approximately 10:03 P.M. The car had no taillights. Earls and Miller were in the front seat and the defendant was sitting up in the back seat. All three occupants of the vehicle appeared to be intoxicated. Officer Ledbetter made a "safety search" of the front seat of the car and Miller's purse, but did not find a weapon. Alcoholic beverages were found in the automobile.
Officer Leroy Vann of the New Hope Police Department transported Billy Ray Hughey and Charlie Hughey, the owner of the beverage store, from the store to the location where Officer Ledbetter had stopped the station wagon so that the suspects could be identified. He stated that he too recognized the defendant, whom he had known "all of his life", sitting in the back seat.
Robert M. Patterson of the Department of Public Safety was called to investigate the robbery and saw the three suspects on arriving at the courthouse at approximately 11:00 o'clock that night. Patterson recovered $73.00 from Earls, $55.00 from Miller and $116.00 from the defendant. The money was in denominations of twenties, tens, fives and ones.
Patterson testified that on the morning of May 16th Chief Jennings of the New Hope Police Department found a fully loaded .22 caliber revolver at the scene where the station wagon was pulled over the night before. The pistol was located fourteen feet from the edge of the pavement and the hammer was cocked. Billy Ray Hughey identified this pistol as the weapon used during the robbery.
Madison County Sheriff's Investigator P.A. Edwards took the defendant's statement at 12:45 on the morning of May 16th. Deputy Edwards could "more or less tell" that the defendant had been drinking. At the hearing to determine the voluntariness of the confession Edwards testified that he previously testified that the defendant had been drinking — not that he was intoxicated; that he did not remember the defendant's speech being slurred and that his eyes "probably looked red or something". Defense counsel's objection to the admission of the confession on the grounds that the defendant was intoxicated and did not understand his rights was overruled.
In his statement the defendant admitted that he was in the car with Earls and Miller before and after the robbery on the night in question. He stated that he was picked up by "Joe Earl and his wife" at his house around 7:00 P.M. or 8:00 P.M. and he rode with them in the station wagon to Dee's Welcome Inn where they had "several drinks". He further stated that on leaving the Inn the three drove to New Hope to visit his sister, but that she was not home. The defendant stated that he could not remember stopping at the beverage store. "We had plenty of beer and whiskey in the car to drink." He stated that he fell asleep on the back seat and the next thing he knew "Joe Earl and his wife woke me up and I saw a blue light and a police officer".
The rules governing corroboration of an accomplice were most recently stated in Andrews v. State, 370 So.2d 320
(Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala. 1979). We need only summarize them here. The corroboration of an accomplice must tend to connect the accused with the commission of the crime but need not refer to any statement or fact testified to by the accomplice. The corroborative evidence need not be strong, nor sufficient of itself to support a conviction, the criterion being that it legitimately *Page 806 
tend to connect the accused with the offense. Corroborative evidence need not directly confirm any particular fact nor go to every material fact stated by the accomplice. Corroborative evidence need not directly connect the accused with the offense but need only tend to do so. The sufficiency of corroborating evidence is established if its probative value tends to connect the defendant with the commission of the crime. The corroboration of an accomplice may be shown by circumstantial evidence. Andrews, 370 So.2d at 322.
The fact that, at or about the time of the commission of the offense with which the accused is charged, he and an accomplice were together, in or near the place where the crime was committed, may, in conjunction with other facts and circumstances, sufficiently tend to connect the accused with the commission of the crime to furnish the necessary corroboration of an accomplice. Kimmons v. State, 343 So.2d 542
(Ala.Cr.App. 1977). However, being seen in the company of an accomplice in close proximity in time and place to the commission of a crime is not in itself always sufficient corroboration to meet our statutory requirements. Senn v.State, 344 So.2d 192 (Ala. 1977).
"In determining the sufficiency of corroborative evidence testimony, the entire conduct of an accused within reasonable time limits of the date of the offense may be examined", Fullerv. State, 34 Ala. App. 211, 215, 39 So.2d 24, 27, cert. denied,252 Ala. 20, 39 So.2d 29 (1949), as well as the accused's opportunity to commit the offense. Cheatwood v. State,22 Ala. App. 165, 166, 113 So. 482, cert. denied, 216 Ala. 692,113 So. 915 (1927). A defendant's voluntary confession may likewise be considered corroborative evidence authorizing a conviction.Shoddy v. State, 75 Ala. 23 (1883); Jacks, supra.
Applying these principles to the facts of this case we find that the testimony of the accomplice was sufficiently corroborated.
Here the defendant admitted being with the accomplices for a period of time before the robbery and being in the automobile with the accomplices when the trio was captured. The defendant maintained that he fell asleep in the automobile after consuming a quantity of alcohol and had no knowledge of the robbery. When the robbery occurred a witness saw two men "sitting up" in the automobile. Within hours after the robbery occurred the defendant gave a statement to a police officer admitting that he was in the automobile. The officer testified that the defendant had been drinking but was not intoxicated or drunk.
The defendant's proximity to the offense in terms of time and distance, his association with the accomplice and his opportunity to commit the crime were firmly established.
At the time of his arrest the defendant, as well as Miller and Earls, was found in possession of money which by denominations and amount was similar to that taken in the robbery. Billy Ray Hughey testified that between $250 and $275 was taken. The amounts found on the defendant and his two companions totaled $244.00. While this evidence is circumstantial, it is nonetheless a circumstance to be considered in corroborating the testimony of the accomplice.
The same pistol which was identified as having been used in the robbery was found near the scene where the station wagon had been pulled over.
While all of the corroborative evidence is circumstantial, it legitimately tends to connect the defendant with the commission of the robbery. This connection may reasonably be inferred from the corroborative evidence. Under these circumstances, the testimony of the accomplice was sufficiently corroborated and the question of the defendant's guilt properly submitted to the jury. Rogers v. State, 38 Ala. App. 126, 78 So.2d 668 (1955).
 II
The testimony of the accomplice being corroborated, the evidence is sufficient to support the conviction. *Page 807 
Dian Miller, the accomplice, admitted robbing the beverage store. Each element of robbery was clearly proven. Crutcher v.State, 55 Ala. App. 469, 316 So.2d 716 (1975). Alabama Code Section 13-9-1 (1975) abolishes distinctions between accessories before the fact and principals. Both are to be tried and punished as principals. It does not matter that the defendant sat in the car during the robbery. Cost v. State,30 Ala. App. 182, 2 So.2d 466 (1941). There is evidence that he encouraged or procured, or was instrumental in causing the robbery to be committed. This alone is sufficient to establish his guilt. Montgomery v. State, 169 Ala. 12, 53 So. 991 (1910).
 III
We have carefully considered the other arguments advanced by the defendant and have found them to be without merit on this appeal. Likewise, we have searched the record for error prejudicial to the defendant's right to a fair trial and have found none. This cause is hereby affirmed.
AFFIRMED.
All Judges concur.