[Woodley et al v. The State.]

# Woodley *et al* v. The State.

### *Indictment for Murder.*

1. *Severance; plea of "guilty" by one of two or more co-defendants who plead "not guilty" amounts thereto* —When two or more defendants are jointly indicted, the right of severance is a personal privilege which either may elect to exercise, (Code, § 4451); and where four persons are jointly indicted for murder, and one of them pleads "guilty" and the other three "not guilty," the defendant pleading guilty waives his right to be tried jointly with the other defendants, and there is, by operation of law, a severance as to him, which precludes the other defendants from objecting to being tried without him. (*Thompson v. State*, 25 Ala. 41, overruled.)

2. *Witness; when co-defendant a competent witness.*—Where two or more defendants are jointly indicted and one of them pleads "guilty," and the sentence of the law is pronounced upon him, he is nevertheless a competent witness for the State against the other defendants.

3. *Jury; quashal of venire.*—When on the plea of "guilty" by one of four defendants jointly indicted for murder a jury is empanelled to ascertain the degree of his guilt and fix his punishment, on the trial of the other three defendants who pleaded "not guilty," it is no legal ground for quashing the *venire* served upon them that there was included in it the names of the persons who served on the jury in the case of the defendant who pleaded guilty; such persons, when their names were called, being subject to challenge for cause.

APPEAL from the City Courty of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellants, Joe, Aleck and Wilson Woodley, were indicted jointly with one Jim Calloway, for the murder of E. H. Grant. Upon the arraignment of the defendants, the said Calloway pleaded "guilty," and the defendants "not guilty." Thereupon a day was fixed for the trial, and an order was made by the court for 100 jurors to be summoned to try the cases. The same list of names were served on each of the defendants in this case and on Calloway. On the day set for trial, the said Calloway was tried first, and alone; and these defendants, when their case was called, objected to going to trial without Calloway. This objection was overruled, and the defendants duly excepted. Before

the drawing of the jury commenced, the defendants moved the court to quash the *venire* and for a *venire de novo*, upon the grounds : 1st, that if the plea of guilty made by Calloway worked a severance as to him, then each of the defendants was entitled to a separate *venire* from that of Calloway ; and, 2d, that the *venire* served upon them contained the names of the jurors who had tried the said Calloway. The court overruled the motion to quash the *venire*, and the defendants separately excepted. After the conviction and sentence of the said Calloway, the State introduced him as a witness. The defendants objected to the said Calloway being examined as a witness, upon the ground that there had been no legal severance, he having been jointly indicted with them; but the court overruled this objection, and each of the defendants duly excepted.

The testimony of the said Calloway, which was corroborated by other testimony, showed that he killed Mr. Grant as the result of a conspiracy entered into by him and the defendants.

The defendants were convicted of murder in the first degree, and sentenced to be hanged.

John G. Winter, for appellant.—Calloway's plea of guilty did not operate as a severance. Notwithstanding this plea, he was compelled to be tried by a jury, for a jury only could fix the penalty to be imposed.—Code, § 4451 ; *South v. State*, 86 Ala. 617 ; *Henderson v. State*, 70 Ala. 23 ; *Marler v. State*, 67 Ala. 55 ; *Thompson v. State*, 25 Ala. 41 ; *Hawkins v. State*, 9 Ala. 137 ; 1 Bish. Cr. Pr., (3d. Ed.) , § 1025.

The defendant's motion to quash the *venire* should have been sustained.—*Evans v. State*, 80 Ala. 4 ; *Gray v. State*, 55 Ala. 86.

Tennent Lomax, for Attorney-General, for the State. 1. The plea of guilty by Calloway, the appellants pleading "not guilty," operated a severance.—*Malachi v. State*, 89 Ala. 134 ; *South v. State*, 86 Ala. 617 ; *Henderson v. State*, 70 Ala. 23 ; *Morler v. State*, 67 Ala. 55 ; *Marchant's Case*, 12 Wheaton 480 ; 1 Bish. Cr. Pr., (3d Ed.), § 1020 ; Abbott's Trial Briefs, § § 200–202, 374, 849.

2. The motion to quash the *venire* was properly over-

ruled.—*Thomas v. State*, 94 Ala. 74; *Wesley v State*, 61 Ala. 282; Acts 1886–87; p. 195, § 10; Acts 1890–91, p. 204.

3.   There was no error in permitting the witness Calloway to testify.—*Malachi v. State*, 89 Ala. 134; *South v. State*, 86 Ala. 617; *Henderson v. State*, 70 Ala. 23.

COLEMAN, J.—The appellants were convicted of murder in the first degree, and sentenced to suffer death. With but two or three exceptions, the questions reserved for review were considered and disposed of in the case of *Ezell v. The State*, p. 8, in which a decision was rendered during the present week of the court. The record shows that one Jim Calloway was indicted jointly with appellants; that when the prisoners were arraigned, Jim Calloway entered a plea of "guilty," and the appellants each pleaded to the indictment "not guilty." A jury was then empanelled against the objection of Calloway, who claimed the right to be jointly tried with the appellants, and charged with the duty of ascertaining the degree of his guilt, and fixing his punishment; and upon the verdict of the jury the court pronounced the sentence of the law. The appellants were then put upon trial, upon their plea of "not guilty," and a different jury empanelled and sworn for their trial, against their objection. The ground of objection was that having been jointly indicted with Calloway, they claimed the right to be tried jointly with him.

Formerly a severance was a matter of discretion with the trial court. The statute now reads as follows, section 4451 of the Code: "When two or more defendants are jointly indicted, they may be tried, either jointly or separately, as either may elect." Under the literal wording of this statute if two were indicted jointly, and one of the parties should elect to be tried jointly, and the other separately, the trial court would be placed in a difficult position. The statute evidently intended to give any person indicted jointly with others, the right to be tried separately, as he may elect. The manifest intention of the statute was to take from the court its discretionary power to grant or refuse a severance, and confer upon either defendant the right to be tried separately at his election.

In the case of *Thompson et al v. The State*, 25 Ala. 41,

it was held that, "When several persons are jointly indicted for an assault and battery, and one of them pleads guilty, the others, who pleaded not guilty, cannot claim, as a matter of right, to be tried separately from him." If this principle be correct, then it follows that when several are jointly indicted, and one pleads guilty, and the others not guilty, and both pleas are entered, that there is not a severance by operation of law. We have been unable to find any authority in support of the proposition as declared in the case of Thompson, *supra*.

In the case of *Marler v. The State*, 67 Ala. 55, Marler and one Redman were indicted jointly, and the latter was adjudged insane upon a separate trial of that issue. Subsequently, Marler was arraigned and tried alone. It was held that there had been a severance of the cases of the two defendants.

It is often the case in practice that one of two persons jointly indicted is ready for trial and the other not. If the court continues the case as to one, and the other is put upon trial, there is of necessity a severance.

The defendant Calloway when arraigned, voluntarily pleaded "guilty" to the indictment. This he had a right to do. By his plea of guilty he waived his right to be jointly tried with the other defendants. They could interpose no objection to his plea of guilty, and thereby prevent a severance. Suppose two were jointly indicted for grand larceny, and one enters a plea of "guilty" and the other "not guilty." There is necessarily a severance by operation of law as to the one pleading guilty, for nothing remains to be done as to the one who pleads guilty but to pronounce the sentence of the law. As to the other a jury must be empanelled to try the issue. The court did not err in holding that the plea of guilty by Calloway operated a severance. There is nothing in the Rule adopted June 21st, 1889, found in the preface to Vol. 86 Ala. Reports which militates against this conclusion.

After the sentence of the law was pronounced upon Calloway, he was a competent witness for the State against the other defendants.—*Malachi v. The State*, 89 Ala. 134; *South v. The State*, 86 Ala. 117; *Henderson v. The State*, 70 Ala. 23; 1 Bishop Cr. Pro., § 1025.

The fact that the *venire* served upon the defendants included the names of persons who served upon the jury

that passed upon the issues submitted to them in the case against Colloway, was not a legal ground for quashing the *venire.*—Acts of 1890–91., p. 190. Such persons, when their names were drawn, were subject to challenge for cause. This the court allowed in each instance of such drawing.

The judgment of the court is sufficient in form. There is no error in the record.

The day for the execution of the sentence having passed, Friday, the 13th day of July, is appointed; and the proper officer is charged with the duty of executing, on that day, the sentence of the law, adjudged by the trial court, upon each of said defendants.

Affirmed.

## *Indictment for Murder.*

