31 So.2d 132

**ODIORNE v. STATE.**

6 Div. 518.

Supreme Court of Alabama.

June 19, 1947.

Rehearing Denied June 30, 1947.

Harold Price, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

BROWN, Justice.

This is the appeal of Charlie Odiorne from a judgment of the Circuit Court of Jefferson County entered on the verdict of a jury duly impaneled for his trial, convicting him of murder in the first degree, and fixing his punishment at life imprisonment in the penitentiary.

The indictment was returned at the January term, 1943, of said court. At the same time Elbert J. Burns was separately indicted for the same offense, the killing of Jake Prescott. Burns was tried soon after his indictment, was convicted of murder in the first degree and sentenced to death by electrocution. From the judgment convicting him he appealed to this court and the case is reported as Burns v. State, 246 Ala. 135, 19 So.2d 450, wherein a concise statement of the facts is made with an analysis of the corroborating testimony. In the course of the opinion in that case it is stated (246 Ala. at page 143, 19 So.2d at page 457): "The State's case was based on the testimony of Charlie Odiorne, an ex-convict, who, by his own testimony, was an admitted accomplice of the defendant, and who was also indicted for the murder of Jake Prescott. It therefore is necessary to examine the testimony of Charlie Odiorne and the testimony offered in corroboration thereof to see if the requirements of the statute have been met."

After the state had offered testimony going to show the corpus delicti—that said Prescott had come to his death through external violence unlawfully applied—and after making proof by the court reporter who reported the trial in Burns v. State, supra, showing that he took in shorthand the testimony of appellant and personally transcribed it, that it was a correct report of his testimony, before appellant testified he was instructed by the trial judge that he had a right to refuse to testify to any fact that tended to incriminate him, was then asked if he still desired to testify, he answered in the affirmative. Said transcript was offered and received in evidence over the objection of the appellant. At this time the appellant through counsel demanded the original stenographic notes of the reporter as a basis for cross-examination of the reporter as to the correctness

of his testimony and the verity thereof. The reporter stated that he didn't have it, he didn't know where it was and it couldn't be found. The appellant through counsel then objected on the ground that said notes could not be produced and on the further ground that the testimony was not shown to be voluntary; that the appellant was induced to testify in said case under hope or expectation of immunity from prosecution, and appellant during the course of the trial with permission of the court, offered evidence going to show that one of the deputies (Troy Tate) to whom he first disclosed his knowledge of the murder had agreed "to do what he could for him" and had arranged a conference between the witness and the solicitor who represented the state in prosecuting Burns, in which conference it was stated by appellant that there was no promise of immunity. The transcript of appellant's testimony embodies the following recital:

"The Court: Mr. Odiorne, you understand that you cannot be compelled to and do not have to testify anything in this case that tends to incriminate you; do you understand that?

"The Witness: Yes. Sir.

"The Court: Knowing that, do you still wish to testify?

"The Witness: Yes sir. * * *"

The general rule is that accomplices are competent witnesses against their criminal associates and the credibility of the testimony is for the jury. Underhill's Criminal Evidence, 4th Ed., §§ 153-155; Marler v. State, 67 Ala. 55, 42 Am.Rep. 95.

In Long v. State, 86 Ala. 36, 44, 5 So. 443, 448, it was observed: "When an accomplice is examined as a witness by the prosecutor, and fully and fairly discloses the guilt of himself and associate, there is an implied promise, as generally regarded, that he will not be prosecuted for the same offense. In such case, the prosecuting officer may decline to institute proceedings against him, or may discontinue them if already commenced. If this course is not pursued, the practice is to put the defendant on trial, and, if convicted, to recommend him to executive clemency. His right not to be prosecuted, or to a pardon, is

equitable only, based on the pledged faith of the public. He can not plead the facts in bar of an indictment, nor avail himself of them by motion to dismiss the prosecution. * * *." See also Martin v. State, 136 Ala. 32, 34 So. 205; United States v. Ford, 99 U.S. 594, 25 L.Ed. 399, Lockett v. State, 218 Ala. 40, 43, 117 So. 457.

 The course of procedure to be followed in such case is left to the sound discretion of the solicitor and the trial court. Code of 1940, Tit. 15, §§ 308, 309; authorities supra.

The appellant was not jointly indicted with Burns, hence whatever may be said of the holding in Lockett's case, supra, this case is not within the influence of said §§ 308, 309, nor cases dealing with the right and effect of severance, such as Woodley v. State, 103 Ala. 23, 15 So. 820, or other disposition of the case of a joint indictee, who the state proposes to use as a witness, as in Lockett's case, supra.

In addition to the fact that appellant volunteered to testify against Burns, after being duly warned by the trial judge that he had a right to refuse to testify to incriminating facts and then elected to do so, which constituted a waiver of the constitutional immunity, Const.1901, § 6, there was evidence tending to show that Burns made an attempt to destroy appellant by trying to back the death car over him at the place where the body was dumped into Short Creek and that thereafter, although Burns turned the car over to appellant to be disposed of, he (Burns) reported to the police that the car had been stolen and notified appellant that they were looking for "Lola" and a large man who was in possession of the car to arrest them. The evidence goes to show that this conduct on the part of Burns largely influenced appellant's action in aiding the officers in ferreting out the crime and induced him voluntarily to give testimony against Burns. The predicate for the admission of the testimony was sufficient to authorize the admission of the transcript thereof in evidence. Lockett v. State, supra. The inability of the state and its witness, the reporter, to produce the shorthand notes on the demand of the defendant,

it appearing that the same were not obtainable, was not sufficient to warrant the exclusion of the transcript of the testimony verified by the testimony of the reporter.

The evidence in the case was abundant to warrant a finding by the jury of all the elements of murder in the first degree, matters clearly within the province of the jury. Authorities supra.

The charges requested by appellant and refused by the court were fully covered by the oral charge of the court or are patently unsound and reversible error was not committed in their refusal. Nor was there any error in overruling the motion for a new trial. We find no reversible error.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.