## 19730

STATE of South Carolina, ex rel. Daniel R. McLEOD, Attorney General, Petitioner, v. The COUNTY COURT OF RICHLAND COUNTY, South Carolina, and William Floyd Baskins, Respondents. STATE of South Carolina, ex rel. Daniel R. McLEOD, Attorney General, Petitioner, v. The COUNTY COURT OF RICHLAND COUNTY, South Carolina, and Inez Nelson, Respondents. STATE of South Carolina, ex rel. Daniel R. McLEOD, Attorney General, Petitioner, v. The COUNTY COURT OF RICHLAND COUNTY, South Carolina, and Minnie Marie Taylor by her guardian ad Litem, Hermine Taylor, Respondents. STATE of South Carolina, ex rel. Daniel R. McLeod, Attorney General, Petitioner, v. The COUNTY COURT OF RICHLAND COUNTY, South Carolina, and Russell Wayne "Rusty" Wyly by his Guardian ad Litem, Joseph C. Wyly, Jr., Respondents.

(200 S. E. (2d) 843)

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dept. Atty. Gen.,* and *John W. Foard, Jr., Sol.,* of Columbia, *for Petitioner* cite:

480

*Walter Brooks, Esq.* of Columbia, *for Respondent, William Floyd Baskins.*

*John M. Young, Esq., Richland County Public Defender,* of Columbia, *for Respondents, Inez Nelson and Minnie Marie Taylor,* cites:

*Thomas C. Mann, Esq.* of Columbia, *for Respondent, Russell Wayne "Rusty" Wyly,* cites:

*Terrell L. Glenn, Esq.,* of Columbia, *for Respondent, Richland County Court.*

November 29, 1973.

*Per Curiam:*

The matters involved in this opinion are before the Court as a result of writs of *certiorari* issued by the Chief Justice, ordering the Richland County Court to certify and return to this Court true copies of all records in any way affecting and relating to its orders amending the original sentences of the four individual respondents: William Floyd Baskins, Inez Nelson, Minnie Marie Taylor, and Russell Wayne "Rusty" Wyly. The State of South Carolina at the relation of its Attorney General (hereinafter referred to as the State) challenges the authority of the Richland County Court to amend its sentences after the adjournment of a term of court under circumstances set forth hereinafter.

After the writs were issued, the records were certified to this Court. Briefs were filed and all issues argued at the October 1973 term. It is the position of the State that Judge John A. Mason was without authority to amend the sentences involved and that the orders attempting to amend the respective sentences were void. The State requests this Court to declare the attempted amendments void and to require service of the sentences as originally imposed. The Richland County Court as well as the individual respondents take a *contra* position and ask that the cases be dismissed.

## THE BASKINS CASES

William Floyd Baskins was indicted by the grand jury during the April 1969 term of the Court of General Sessions for Richland County upon a bill of indictment charging him with having committed the offense of assault and battery of a high and aggravated nature. That indictment was subsequently transferred to the Richland County Court (apparently pursuant to South Carolina Code § 15-678 [1962]). Baskins was convicted by a jury of the offense alleged in the indictment and, on November 18, 1969, was sentenced by Judge John A. Mason to serve a three-year term of imprisonment.

On December 29, 1969, after the term of court had ended, Judge Mason amended Baskins' sentence so as to provide that he be released from confinement and placed on probation for a period of three years.

While Baskins was on probation, he was, at the December 1970 term of the Court of General Sessions for Richland County, indicted again by the grand jury. This time he was charged with housebreaking. This indictment was transferred to the Richland County Court for disposition. He entered a plea of guilty to the offense and was sentenced by Judge Mason on December 16, 1970, to serve three years' imprisonment. On the same day, he was also sentenced to serve a three year concurrent sentence for a separate offense of breaking with intent to steal. On the same day, Judge Mason revoked the suspended probationary sentence of December 29, 1969, referred to hereinabove, and directed that it also run concurrently with the other two sentences.

On October 11, 1971, Judge Mason amended Baskins' sentences so as to suspend them after the service of two years, to run from December 16, 1970.

After this proceeding was commenced in this Court, ■■ Judge Mason, on September 20, 1973, revoked the amended sentences of December 29, 1969, and October 11, 1971, and reinstated the original sentences of Novem-

ber 18, 1969, and of December 16, 1970, allowing Baskins credit for time served on each. This action was taken upon motion of the Solicitor of the Fifth Judicial Circuit and with the consent of Baskins and his counsel. Baskins submits that all issues as relate to him are now moot. The State takes the position that any effort on the part of the judge of the county court to deal with the case was improper inasmuch as jurisdiction for dealing with the case was at the time in the Supreme Court. While it is true generally that a lower court may not continue to issue orders in a case while it is being considered by the Supreme Court, we think that the State, having sought the relief through one of its prosecuting officers, is not in a position to deny that the issues are moot. The sentences have been invoked and are apparently being served. The State can ask no more. We do not hold that the amended sentences were proper; we merely say that the issues as relate to Baskins are moot in the sense that no more can be demanded of him.

## THE NELSON CASE

Inez Nelson was indicted by the Richland County grand jury upon a bill of indictment charging her with having committed the offenses of (1) resisting an officer, (2) unlawfully carrying a weapon, and (3) pointing and presenting a firearm. That indictment was transferred to the Richland County Court for disposition. On March 21, 1972, Nelson was convicted by a jury of the three offenses alleged in the indictment and sentenced by Judge Mason to serve a three-year term of imprisonment. The sentence was suspended upon service of one year and she was placed on probation for a period of two years thereafter.

On September 5, 1972, Judge Mason amended Nelson's sentence so as to release her from confinement and place her on probation for two years after service of five months and fifteen days imprisonment instead of one year imprisonment and two years' probation. It is clear that the State had no legal notice and was not represented when this action was taken.

## THE TAYLOR CASE

Minnie Marie Taylor was indicted by the grand jury during the August 1971 term of the Court of General Sessions for Richland County upon two bills of indictment charging her with the unlawful possession of heroin. On January 24, 1972, after those indictments had been transferred to the Richland County Court, she entered pleas of guilty to both charges and was sentenced by Judge Mason to serve two concurrent two-year terms of imprisonment. On July 24, 1972, Judge Mason amended her sentences to two concurrent one-year terms.

We held in *State v. Best,* 257 S. C. 361, 186 S. E. (2d) 272 (1972), that a trial judge is without jurisdiction to alter, amend or modify sentences after the expiration of the term of court at which the sentence is imposed. There is no merit in the contention that the amended sentences were proper because the Richland County Court is always open by statute for nonjury matters. Section 15-765 of the South Carolina Code of Laws (1962), relating to the Richland County Court, provides in part, "Each week which may be designated for jury trials shall be considered a term." Both Nelson and Taylor were sentenced at a term designated for jury trials, and the orders of Judge Mason attempting to amend the sentences after adjournment are void.

In *Nelson, supra,* and *Wyly, infra,* sentences were amended without notice to the State.

In *State v. Best, supra,* after holding that the orders of the trial judge attempting to amend sentences therein were void because issued after the adjournment of the court at which the prisoners involved were convicted and sentenced, we held that "all orders were inprovidently granted without notice to the State and might have been set aside on that ground alone." It would have been improper for the solicitor to seek an order of the judge ad-

versely affecting ·a prisoner without notice to him.· Such would clearly deny the prisoner due process. By a similar token, it is improper for an attorney to seek an order contrary to the State's interest without notice. In *Best,* we held that it would have been proper for a member of this Court to issue a *supersedeas* when sentences are amended without authority of law. The same is true in these cases.

In holding that sentences were improperly amended because the State was not given an opportunity to be heard, we do not intend to convey the thought that jurisdiction can be conferred by giving notice to the State, nor even by consent of the State. We point out that it is incorrect procedure to consider action without notice to the adversary.

## THE WYLY CASE

. On November 15, 1971, Russell Wayne "Rusty" Wyly pled guilty to an indictment charging him with ·the unlawful possession of drugs (marihuana). On November 16, 1971, he was sentenced by Judge Mason under the terms of § 32-1510.57 of the Code (Cum. Supp. 1971) to two years supervisory probation as especially provided in that Code section. On July 13, 1972, Judge Mason amended the sentences so as to terminate the period of probation as of August 5, 1972. This action was taken without notice to a representative of the State. It follows, as indicated hereinabove, that the order of July 13, 1972, was void.

The issues presented by the instant cases were discussed ·at length in our decision in *State v. Best, supra.* The reasoning applied therein is equally applicable here; repeating such would serve no useful purpose.

On summary we hold:

(1) That Judge Mason's order of September 20, 1973, rendered moot the issues as they relate to the individual respondent Baskins;

(2) That Judge Mason's order of September 5, 1972, purporting to amend the sentences originally imposed upon the

individual respondent Nelson, was void because the terms of court had ended and because it was granted without notice to the State;

(3) That Judge Mason's order of July 24, 1972, purporting to amend the sentences originally imposed upon the individual respondent Taylor, was void because the term of court had ended; and

(4) That Judge Mason's order of July 13, 1972, purporting to amend the sentence originally imposed upon the individual respondent Wyly, was void because it was granted without notice to the State.

The individual respondents Nelson and Taylor are remanded to custody for the service of the sentences originally imposed upon them, respectively. The individual respondent Wyly is remanded to the supervision of the South Carolina Probation and Parole Board for the service of the sentence originally imposed upon him.

Reversed.