20021

The STATE, Appellant, v. James MOULDS, Respondent

(215 S. E. (2d) 445)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Appellant,*

*Ernest B. Hinnant, Esq.,* of Florence, *for Respondent,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Appellant,* in Reply.

May 28, 1975.

NESS, Justice:

James Moulds was indicted by the Florence County grand jury upon two (2) bills of indictment charging him with having committed the offenses of: (1) leaving the scene of an accident, (2) driving under the influence, second offense. These indictments were transferred to the Florence

County Court for disposition. On June 11, 1974, respondent plead guilty to both indictments and was sentenced by Judge McEachin to a term of one (1) year or a fine of One Thousand ($1,000.00) Dollars on each indictment, both suspended upon the service of ninety (90) days or a fine, to run concurrently, and he was placed on probation for a period of one (1) year.

On July 11, 1974, an arrest warrant was issued for the respondent pursuant to Section 55-596 of the 1962 Code of Laws of South Carolina, as amended. Moulds was charged thereby with violating the conditions of his probation, and at the hearing was found to be in violation thereof. His suspended sentence was revoked and Judge McEachin ordered that he be required to serve six (6) months of the original sentence.

On August 21, 1974, the Public Defender of Florence County moved before Judge McGowan for an order vacating the previous probation revocation by Judge McEachin, who at that time was leaving on vacation and had requested Judge McGowan to hear the motion in his absence.

It is conceded that no notification of the hearing was given to the State except for a courtesy letter from the Public Defender. The State made a special appearance at the hearing and requested the court to delay the matter until it could be investigated. This was summarily denied by Judge McGowan and resulted in an order revising Judge McEachin's order and reducing the revocation to the period of time that the respondent had actually been incarcerated on the arrest warrant of July 11, 1974.

We held in *State v. Best,* 257 S. C. 361, 186 S. E. (2d) 272 (1972) and in *State v. Richland County Court,* 261 S. C. 478, 484, 200 S. E. (2d) 843, 845 (1973), "that a trial judge is without jurisdiction to alter, amend or modify sentences after the expiration of the term of court at which the sentence is imposed." Section 15-1613 of the South Carolina Code of Laws (1962) relating to the Florence County Court provides for the terms of court.

Section 55-596 of the South Carolina Code of Laws (1962) provides when and upon what circumstances a probationer may be brought before the court. Moulds was originally sentenced at a term designated for jury trials under Section 15-1613, *supra,* and his sentence was partially revoked under Section 55-596. The amendment of the sentence by Judge McGowan was not made under either of the above sections of the Code and was void.

In addition the State was not accorded due notice and the August 22, 1974 order was improvidently granted. It was error for the trial judge to consider this matter without due notice to the State. As we decided in *State v. Richland County Court, supra* at 484, 200 S. E. (2d) at 845,

"It would have been improper for the solicitor to seek an order of the judge adversely affecting a prisoner without notice to him. Such would clearly deny the prisoner due process. By a similar token, it is improper for an attorney to seek an order contrary to the State's interest without notice."

We do not reach the issue of respondent's additional sustaining ground as it does not comply with Supreme Court Rule 4, Section 7.

We need not consider the impact of *Cort Industries Corp. v. Swirl, Inc.,* S. C., 213 S. E. (2d) 445, on the authority of Judge McEachin as this issue has not been raised before us.

The respondent, James Moulds is remanded to custody for the service of the remainder of his sentence revoked on the arrest warrant of July 11, 1974. The order of Judge McGowan is REVERSED.

Moss, C. J., and Lewis and Littlejohn, JJ., concur.

Bussey, J., concurs in result.

Bussey, Justice (concurring in result) :

While I concur in the result reached in the majority opinion, as I view the record, this appeal presents a single

and relatively narrow issue which is as follows: Did Judge McEachin have the power, some six weeks later, to modify an order of a partial revocation of probation issued by him at chambers on July 11, 1974? Judge McGowan, at the request of Judge McEachin, was acting in lieu and stead of Judge McEachin who was on vacation, and attempted to exercise only such jurisdiction as Judge McEachin, himself, would have had if present. Apparently he and Judge McEachin both thought that, on the merits, an order of modification was proper, if Judge McEachin had the power and jurisdiction to order such. Judge McGowan concluded, incorrectly I think, that Judge McEachin had such power under the provisions of code section 55-596 and accordingly issued the order of modification.

The court did not in any manner attempt to alter, amend or modify the sentence initially imposed on defendant at the June term, and hence, in my view, the cases *State v. Best* and *State v. Richland County Court* have no real application to this controversy.

There is no merit, I think, in the State's contention based on lack of due notice. The solicitor was present at the hearing, opposed the modification, and the record simply fails to reflect any prejudice to the State resulting from lack of due notice.