The judgment of the Court of Criminal Appeals is reversed. The opinion of that court affirmatively shows that the evidence was disputed whether Miles was an accomplice. We can appreciate how the Court of Criminal Appeals arrived at its determination, as a matter of law, that Miles was an accomplice because this is a bizarre case. Yarber and Miles, alternatively, as the opinion shows, try to pin the offense on the other.
Yarber was tried first. During his trial, which is the one we are now reviewing, Miles put all the blame on Yarber. Miles was later tried. At Miles' subsequent trial, Yarber, although he had previously testified at great length at Miles' preliminary hearing and had there put all the blame on Miles, when called as a state's witness at Miles' trial, refused to testify. In fact, he would not even state his name. The Court of Criminal Appeals, in Miles v. State, Ala.Cr.App., 343 So.2d 801 (1977), cert. den., Ala., 343 So.2d 806 (1977), stated:
 "Yarber was called as a State witness during appellant's murder trial but he refused to answer a single question posed to him by the trial court or the District Attorney. Yarber would not even state his name. The trial court ruled that it would serve no useful purpose to hold him in contempt of court and sentence him to jail. The trial court, over appellant's objection, admitted into evidence Yarber's testimony given at appellant's preliminary hearing at which time Yarber was subjected to an extensive, vigorous, withering, thorough and searching cross-examination by appellant's lawyers.
 It is noteworthy that appellant testified at his own trial and his testimony as to all the details, places, and circumstances leading up to and culminating in the robbery, kidnapping and killing of Mrs. Knabe and Mr. White, in the main, pig-tracked the testimony of Yarber with one exception: Appellant claimed that Yarber was the leading actor in the entire drama and it was Yarber who did all the things that Yarber accused appellant of doing."
It is readily apparent that Miles denied his participation, not only at Yarber's trial, but also in his subsequent trial. In Childs v. State, 43 Ala. App. 529, 194 So.2d 861, cited by the Court of Criminal Appeals, and relied on heavily by Yarber here, the accomplice admitted his participation. Therefore, from the face of the opinion of the Court of Criminal Appeals, it is apparent that whether Miles was or was not an accomplice was a disputed fact. Miles' testimony may not be credible; a jury did not believe him when he testified at his own trial later because the jury convicted him, but whether Miles' testimony is credible or not is not the question — the question is: Was the fact of his being an accomplice disputed? We think that it was. We do not know whether the Court of Criminal Appeals examined the Miles record or not [343 So.2d 801 (Record)], in reaching its judgment in this case, but whether it did or not, we think Yarber's trial must be viewed as if Miles had never been tried. Viewed in that light, and using only the evidence before the trial court in *Page 1231 
Yarber's trial, we believe a disputed question of fact was presented.
Nevertheless, even assuming that Miles was an accomplice, the opinion of the Court of Criminal Appeals, and the additional facts requested by the State under Rule 39 (k), to be included in the opinion of the Court of Criminal Appeals in this case, convinces us that there was sufficient corroboration of Miles' testimony. The judgment of the Court of Criminal Appeals is due to be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER and BEATTY, JJ., concur.
JONES, ALMON, SHORES and EMBRY, JJ., dissent.