### 21504

The STATE, Respondent, v. Alton SMITH, Appellant.

(280 S. E. (2d) 200)

*Asst. Public Defender Martha B. Dicus,* and *Deputy Appellate Defender Vance J. Bettis,* of S. C. Commission of Appellate Defense, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen., Kay G. Crowe, Russell D. Ghent and Harold M. Coombs, Jr.,* and *Sol., James C. Anders,* Columbia, *for respondent.*

July 6, 1981.

NESS, Justice.

Appellant, Alton Smith, was tried and convicted in his absence for third offense driving under the influence. He appeals from the trial court's refusal to modify or vacate his sentence. We affirm and remand.

Appellant's sentence was published on April 29, 1980 at which time his motions were marked heard and scheduled for a hearing on June 3, 1980.

The trial judge denied the motions holding he did not have jurisdiction to change the sentence.

Appellant first asserts his sentence was illegal because it was unconstitutionally enhanced. We disagree.

He argues his two prior convictions were uncounseled and may not be used to enhance the sentence for a subsequent conviction of the same offense, relying on *Baldasar v. Illinois,* 446 U. S. 222, 100 S. Ct. 1585, 64 L. Ed. (2d) 169 (1980). This case holds an uncounseled conviction for a misdemeanor may not be used to enhance the sentence for a subsequent conviction for the same offense.

We hold the provisions of S. C. Code § 56-5-2940 (1976) which provides for enhancement of sentences is not offensive to the tenets of *Baldasar* under the facts of this case.

Here, Smith forfeited bond for two previous DUI offenses and voluntarily waived his right to counsel. Therefore, he cannot now complain of the denial of counsel when it was caused by his own actions. See *State v. Jacobs,* 271 S. C. 126, 245 S. E. (2d) 606 (1978). Moreover, a defendant in a misdemeanor prosecution may not defeat justice by absenting himself from the place of trial. *State v. Langston,* .... S. C. ...., 272 S. E. (2d) 436 (1980).

■ Appellant conceded at oral argument that bond forfeiture is a conviction and the evidence reveals that appellant knowingly and voluntarily waived his right to be present at this and previous trials. Compare *State v. Green*, 269 S. C. 657, 239 S. E. (2d) 485 (1977).

We conclude Smith waived his right to counsel by forfeiting bond, this constitutes a prior offense within the terms of S. C. Code § 59-5-2940 (1976) and subjected him to the punishment contained therein.

Smith next asserts the trial judge erred in ruling he could not change the sentence because he did not have jurisdiction. We agree.

The trial judge held:

"I recognize that the sentence is severe. It has been dealt with severely. The solicitor does not want the sentence changed. The attorney general does not want the sentence changed and under those circumstances, I cannot change the sentence so the motion for a resentence is denied."

The authority of a trial judge to alter, amend or modify a sentence after the same has been imposed is discussed in four decisions of this Court. *State v. Best*, 257 S. C. 361, 186 S. E. (2d) 272 (1972); *State ex rel. McLeod v. County Court of Richland County*, 261 S. C. 478, 200 S. E. (2d) 843 (1973); *State v. Moulds*, 264 S. C. 404, 215 S. E. (2d) 445 (1975); and *State v. Patterson*, 272 S. C. 2, 249 S. E. (2d) 770 (1978). These cases hold a judge is without authority to alter, amend or modify a sentence *imposed by him* (1) after the expiration of the term of court at which the sentence was imposed or (2) within the same term of court unless the State is afforded due notice. We have held generally when court is ordered by the Chief Justice, each week constitutes a separate term. *State v. Attardo*, 272 S. C. 1, 249 S. E. (2d) 771 (1978). .

■ A sealed sentence does not become the judgment of the court until it is opened and read to the defendant. *Lytle v. Miller*, 157 S. C. 332, 154 S. E. 225 (1930).

Here the sentence was published to the appellant on April 29, 1980 and although the motions were not heard until much later, they were marked heard by the trial judge on that date. The motion was made within the term of court at which the sentence became the judgment of the court, to the sentencing judge, and he had jurisdiction to alter, amend or modify. *State v. Best, supra,* 257 S. C. at 369, 186 S. E. (2d) 272; 24 C. J. S. Criminal Law 1587b; *State v. Cagle,* 241 N. C. 134, 84 S. E. (2d) 649, 653 (1954).

We hold the authority to change a sentence rests solely and exclusively in the hands of the sentencing judge within the exercise of his discretion. *State v. Cagle, supra.*

It is apparent here the sentencing judge did not exercise any discretion but based his ruling on an erroneous view of the law. It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly. We call to the attention of the bench and bar that the mere recital of the discretionary decision is not sufficient to bring into operation a determination that discretion was exercised. It should be stated on what basis the discretion was exercised. *Calloway v. Ford Motor Co.,* 281 N. C. 496, 189 S. E. (2d) 484 (1972); *State Highway Commission v. Hemphill,* 269 N. C. 535, 153 S. E. (2d) 22 (1967).

We affirm in part and remand for reconsideration of the motion to alter, amend or change the sentence.

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL. JJ., concur.