PATTERSON, Judge.
Appellant, Donald R. Johnson, and Anthony L. Glasseo were jointly indicted in a two-count indictment for the crime of theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975. The cases were severed on motion of the state, and appellant Johnson was tried and convicted of the offenses as charged. Glasseo testified at trial as a state’s witness against Johnson. Johnson appealed, and we affirmed his conviction, without rendering an opinion. Johnson v. State, 502 So.2d 401 (Ala.Cr.App.1986). The Alabama Supreme Court granted Johnson’s petition for certio-rari and reversed his convictions and remanded the case to this court with instructions to order a new trial.[1] Ex parte Johnson, 522 So.2d 234 (Ala.1988). We reversed and remanded the case to the trial court in compliance with the order of the Alabama Supreme Court. Johnson v. State, 522 So.2d 239 (Ala.Cr.App.1988).
Appellant Johnson was tried again on the same charges on June 23, 1988. A jury found him guilty on both counts of theft of property in the first degree, and the trial court sentenced him as a habitual offender to life imprisonment on each count. The sentences were ordered to run concurrently. Johnson appeals, and this appeal is now before us for review. We find it unnecessary to set out the facts of the case, since they are stated in detail in Johnson v. State, 522 So.2d at 235.
I.
Johnson first contends that the trial court improperly allowed Glasseo, a jointly indicted co-defendant, to testify at trial. He argues that Glasseo, being a coindictee, was not a competent witness because no disposition of the charges against Glasseo had been made at the time of his appearance as a witness.
At the time Glasseo testified at the first trial, his case had been severed from appellant’s case. At the time of the second trial, Glasseo could not be found and, after laying the proper predicate for the use of his testimony from the first trial, a transcript of his testimony given at the first trial was read to the jury. At the time of the second trial, the charges against Glasseo had been nol-prossed.
*678 We find the following discussion in P. Herrick, Underhill’s Criminal Evidence § 178 (6th ed. 1973), concerning competency of accomplices as witnesses for the prosecution, helpful:
“The general rule is that an accomplice is a competent witness for the prosecution. Otherwise there would be no reason for the rules requiring cautionary instructions and, in some states, corroboration of the accomplice. To say that an accomplice is competent is obviously not to say that he is credible or that his testimony need not be corroborated; these are separate questions.
[[Image here]]
“It is sometimes said that an accomplice who is jointly indicted and jointly tried with the defendant cannot be a witness against the defendant, but there is just as much authority the other way, and in any event the accomplice may testify when a statute makes him competent or when the case against him has been disposed of (as by a nolle prosequi or dismissal of the indictment, by a plea of guilty or a conviction, or by an acquittal), or by the grant of a separate trial....
“Where the accomplice is separately indicted there appears to be no problem about his testifying for the prosecution, even though the charges against him are still pending.” (Footnotes omitted.)
Accomplices are generally competent as witnesses for the prosecution in this state. Odiorne v. State, 249 Ala. 375, 31 So.2d 132 (1947); Marler v. State, 67 Ala. 55 (1880); Hammond v. State, 21 Ala.App. 434, 109 So. 172 (1926). However, in the case of persons jointly indicted, the rule in Alabama is that neither is a competent witness for or against the other unless there has been an order of severance, a nolle prosequi, or a verdict of acquittal entered in favor of the one offered as a witness. Henderson v. State, 70 Ala. 23 (1881); Marler v. State; Jackson v. State, 5 Ala.App. 306, 57 So. 594 (1912); C. Gamble, McElroy’s Alabama Evidence § 102.04 (3d ed. 1988). The Alabama Supreme Court, in Henderson, 70 Ala. at 24-25, stated the rule as follows:
“The proper practice seems to be, that where two or more defendants are jointly indicted, neither is a witness for or against the others, unless some order is made in the case, which amounts to an acquittal or a severance. The trial of the one proposed to be offered as a witness must be severed from that of the co-defendant against whom he is offered; or else a nolle-prosequi must be taken, or a verdict of acquittal entered in favor of the proposed witness, as authorized by statute.” (Citations omitted.)
Applying the above principle to the facts of the instant case, we conclude that there was such a severance and/or nolle prosequi as would make the witness, Glas-sco, competent to testify in this case. His case had been severed when he testified in the first trial and, when his testimony was admitted at the second trial, his case had been nol-prossed. He was a competent witness at both trials. The fact that his testimony at the first trial was used at the second trial because of his unavailability is of no consequence here. It is the same as if he were present in person. The trial court did not err in allowing him to testify at the first trial and, likewise, did not err in allowing him to testify by way of transcript at the second trial.
II.
Appellant next contends that it was error for the trial court to allow the state to read into evidence a transcript of Glassco’s testimony from the first trial. Glassco was released from confinement in Tennessee shortly after the first trial and disappeared. Members of his family, as well as the Tennessee authorities, have not known of his whereabouts or heard from him in over three years. A search was made for him prior to the trial of the instant case by the Alabama and Tennessee authorities. All available techniques were used to locate him, to no avail.
The general rule regarding the use of former testimony is stated in C. Gamble, supra, at § 245.07(1), as follows:
*679 “The testimony of a witness, in a former trial or action, given (1) under oath, (2) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross examination, (3) under circumstances affording the party against whom the witness was offered an opportunity to test his credibility by cross-examination and (4) given in a litigation in which the issues and parties were substantially the same as in the present cause, is receivable as evidence in the present trial (5) when the personal attendance of the witness to testify in the present trial is not feasible.” (Footnotes omitted.)
See also Rouse v. State, 548 So.2d 643 (Ala.Cr.App.1989); Nolen v. State, 469 So.2d 1326 (Ala.Cr.App.1985); Anderson v. State, 362 So.2d 1296 (Ala.Cr.App.1978).
“In laying a predicate for the introduction of former testimony, the proponent of the statement must show that he has exercised due diligence in seeking to procure the attendance of the witness.” Anderson v. State, 362 So.2d at 1301. “The sufficiency of the proof of the predicate of unavailability of an absent witness is addressed to the sound discretion of the trial judge.” Nolen v. State, 469 So.2d at 1328.
In the instant case, we find that the testimony of Glassco in the first trial was under oath, in the circuit court which had authority to take his testimony and require an opportunity for cross-examination; that, in fact, his present counsel, who represented him at the time, cross-examined Glassco extensively and was afforded a full opportunity to test his credibility; and that the first trial involved identical issues and parties. We further find that the personal attendance of Glassco at the second trial was not feasible and that the state exercised due diligence in seeking his presence. A sufficient predicate was laid for the introduction of his previous testimony in the instant trial. The trial court’s admission of the witness’s prior testimony was proper.
III.
Appellant contends, inter alia, that the denial of his motion for a judgment of acquittal constituted reversible error because of the state’s failure to corroborate Glassco’s testimony. He argues that his convictions were based solely on the testimony of Glassco, who he contends was an accomplice, and were obtained in violation of § 12-21-222, Code of Alabama 1975.
Whether a witness is an accomplice may be a question of law or fact, depending on the circumstances. Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978). Where there is doubt or a dispute or the testimony is susceptible to different inferences as to whether a witness is in fact an accomplice, the question is for the jury and not the trial court. Washington v. State, 401 So.2d 236 (Ala.Cr.App.), cert. denied, 401 So.2d 241 (Ala.1981); Jacks v. State. Where a witness denies his participation in the crime charged against the defendant, the issue of his being an accomplice is a disputed fact presenting a question for the jury. Yarber v. State, 375 So.2d 1229 (Ala.1978).
The burden of proving that a witness is an accomplice for the purpose of invoking the rule of § 12-21-222 requiring corroboration of accomplice testimony to support a felony conviction is on the defendant. Moon v. State, 460 So.2d 287 (Ala.Cr.App.1984). The mere fact that the witness is indicted for the same crime as defendant does not per se raise a presumption that he was an accomplice. Id.
In the case sub judice, the state relied, in the main, on the testimony of Glassco to obtain the convictions. Glas-sco’s testimony at the trial bearing upon his involvment in the crimes, is as follows:
“Q. [Prosecuting attorney on direct]:
How did you all leave?
“A. In a car.
“Q. Where did you get the car? [Mercury — Count One.]
“A. Stole it.
“Q. You stole it with who?
“A. Donald [appellant].
[[Image here]]
“Q. Where did you all go?
“A. We left and got the Cordoba.
[Chrysler Cordoba — Count Two.]
*680 [[Image here]]
“Q. How did you all come upon that car?
“A. We just spotted it.
“Q. Do you remember what it looked like?
“A. White.
“Q. How did you all get it started? “A. It had the keys in it.
“Q. Had you all tried any other automobiles?
“A. The Mercury.
“Q. I mean did every one you went to just happen to have the keys in it?
“A. Well, we was out there walking, we might look in one every now and then, if it didn’t have the key in it, we wouldn’t mess with it.
“Q. So then you found this white Cordoba. Where was it parked, was it by a house?
[[Image here]]
“A. Right next to a house.
“Q. When you all left, who was driving it?
“A. Donald.
“Q. Where did you all go?
“A. Just went ... riding.
“Q. Where did you all ride to?
“A. Well, I went to sleep in the back, when I woke up we was in Fayetteville.
[[Image here]]
“Q. [Defense counsel on cross-examination]: [Y]ou have been charged in this same indictment with Mr. Johnson for stealing these two automobiles that you are testifying about today, is that correct?
“A. Yes.
“Q. You are testifying that it wasn’t you who stole them or drove them, it was Mr. Johnson, is that correct?
“A. Yes.”
It can be inferred from some of Glassco’s testimony that he was a willing and active participant in the crimes; however, from another portion of his testimony, it is clear that he denied participating in the theft of the automobiles. Appellant did not testify, nor did he offer any evidence in his behalf. The only evidence of Glassco’s participation, other than being seen as a passenger in one of the stolen vehicles and being in the company of appellant, comes from Glassco himself. Thus, the testimony before us concerning the culpability of Glas-sco was conflicting, inconclusive, and susceptible to different interpretations. We find that appellant failed to meet his burden of establishing that Glassco was an accomplice as a matter of law and, therefore, since the issue was in doubt or dispute, it was a question of fact to be resolved by the jury.
The trial court charged the jury on the general law of complicity, defined an accomplice, and instructed it on the corroboration required where an accomplice testifies for the prosecution. The trial court extended its instructions concerning the requirement for corroboration of accomplice testimony when requested by the jury. No objections were made to the court’s oral charge. Appellant submitted one written requested instruction which concerned accomplice testimony and the necessity for corroboration, and it was given by the trial court.
We conclude that the trial court did not err in denying appellant’s motion for a judgment of acquittal because of the alleged failure of the state to corroborate the testimony of Glassco. Under the circumstances, the evidence being in conflict, the jury was the judge of whether, in fact, Glassco was an accomplice of appellant, and it was therefore proper for the trial court to submit the issue to it. Perry v. State, 340 So.2d 895 (Ala.Cr.App.), cert. denied, 340 So.2d 896 (Ala.1976). See also Nelson v. State, 405 So.2d 392 (Ala.Cr.App.1980), rev’d on other grounds, 405 So.2d 401 (Ala.1981); Flanagan v. State, 369 So.2d 46 (Ala.Cr.App.1979).
IV.
Appellant contends that the state failed to prove venue in accordance with § 15-2-2, Code of Alabama 1975, and that his motion for judgment of acquittal on that ground should have been granted. We disagree. The evidence presented by the state clearly establishes that the of *681 fenses were committed in Madison County, the proper venue for the prosecution of the cases.
V.
Appellant next questions the sufficiency of the evidence to support his convictions. We conclude, from our review of the record, that there was sufficient evidence presented by the state from which the jury could find appellant guilty beyond a reasonable doubt in both thefts charged. The motion for judgment of acquittal on this ground was properly denied.
For the above reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

. Our supreme court reversed on the grounds that the pre-trial inculpatory statement of Johnson had been erroneously introduced into evidence because it had not been knowingly and voluntarily made and because the state failed to comply with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to obtaining the statement. The state did not offer the statement in the second trial.