ALMON, Justice.
This Court granted Donald R. Johnson’s petition for writ of certiorari to review the *682 judgment of the Court of Criminal Appeals affirming his conviction on two counts of first degree theft. 578 So.2d 676. Johnson was sentenced to life imprisonment on each count, because of the Habitual Felony Offender Act, Ala.Code 1975, § 13A-5-9. This Court had previously reversed earlier judgments of conviction for the same offenses, and the instant convictions resulted after a retrial.[1] We find it unnecessary to set out the facts of the case, since they are set out in detail in Ex parte Johnson, 522 So.2d 234 (Ala.1988).
Johnson’s main contention is that the court incorrectly held that Ala. Code 1975, § 12-21-223, did not bar the admission of testimony of a jointly indicted co-defendant.
Johnson and Anthony Glassco were jointly indicted for these offenses, but their cases were severed for trial. Glassco’s deposition testimony was introduced at Johnson’s first trial. That conviction was set aside, and after the case was remanded, Glassco was again unavailable to testify at Johnson’s second trial. The prosecution introduced the transcript of his testimony that was used at the first trial. Johnson’s attorney objected to the admission of this testimony, contending that Glassco had not been discharged from the indictment before his testimony was admitted as that of a State’s witness.
A jointly indicted co-defendant is not competent to testify on behalf of the State against the defendant. Lockett v. State, 218 Ala. 40, 43, 117 So. 457, 459 (1928); Woodley v. State, 103 Ala. 23, 15 So. 820 (1894). Ala. Code 1975, § 12-21-223, provides:
“When two or more defendants are jointly indicted, the court may, at any time before the evidence for the defense has commenced, order any defendant to be discharged from the indictment in order that he may be a witness for the prosecution, and such order operates as an acquittal of such defendant, provided he does testify.” (Emphasis added.)
C. Gamble, McElroy’s Alabama Evidence § 102.04 (3d ed. 1977), discusses this issue as follows:
“An indictee who is indicted jointly with another person, who is hereinafter called the co-indictee, is disqualified to be a witness at the call of the state for the purpose of giving testimony against the co-indictee. The indictee may become qualified to testify against his co-indictee if there has been an order of severance and a nolle prosequi or a verdict of acquittal entered in favor of the indictee offered as a witness. A severance, for purposes of rendering the indictee qualified, ensues when he has plead guilty and a judgment of conviction is rendered against and a sentence imposed upon him.”
Although Johnson and Glassco’s cases were severed before Johnson’s first trial, the charges against Glassco were still pending at the time his testimony was taken and at the time it was introduced at that trial. Therefore, that testimony was improperly admitted against Johnson at the first trial. The State argues that this does not prevent the admissibility of the same testimony at Johnson’s second trial. That contention is based on the fact that the charges against Glassco were dismissed by the State before the commencement of the second trial.
One of the obvious purposes of the statute is to give the defendant notice of the possibility that the testifying co-defendant and the State have reached an agreement in exchange for the co-defendant’s testimony. Without that notice, the defendant can not effectively cross-examine the testifying co-defendant. Although Johnson’s attorney was present at Glassco’s deposition, Glassco’s charges were still pending. Therefore, Johnson’s attorney was not able to effectively cross-examine Glassco concerning his motivation for giving that testimony. Madden v. State, 40 Ala.App. 271, 112 So.2d 796, 799, cert. denied, 269 Ala. *683 697, 112 So.2d 800 (1959); Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, cert. denied, 254 Ala. 74, 46 So.2d 847 (1950). Where the testifying co-defendant’s motivation for testifying may be to shift blame away from himself or to obtain favorable treatment from the State, that aspect of cross-examination is crucial. Therefore, because there was no compliance with § 12-21-223, the admission of Glassco’s transcribed testimony over Johnson’s objection was error, and the Court of Criminal Appeals erred in affirming Johnson’s conviction.
The judgment of the Court of Criminal Appeals is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX and ADAMS, JJ., dissent.

. Johnson's first convictions were reversed because the trial court erroneously admitted an inculpatory statement made by him. This Court determined that that statement had not been knowingly and voluntarily made. Ex parte Johnson, 522 So.2d 234 (Ala.1988).