MADDOX, Justice
(dissenting).
The law does provide, as the majority notes, that “[wjhen two or more defendants are jointly indicted, the court may, at any time before the evidence for the defense has commenced, order any defendant to be discharged from the indictment in order that he may be a witness for the prosecution, and such order operates as an acquittal of such defendant.” Ala.Code 1975, § 12-21-223. That Code section has remained basically unchanged since it first appeared in the 1852 Alabama Code as § 3595. That Code section is inapplicable, however, if the trial of one proposed to be offered as a witness is severed from that of the co-defendant against whom he is offered.
In Henderson v. State, 70 Ala. 23, 25 (1881), the Court said the following:
“The trial of the one proposed to be offered as a witness must be severed from that of the co-defendant against whom he is offered; or else a nolle-prose-qui must be taken, or a verdict of acquittal entered in favor of the proposed witness, as authorized by statute.”
Similarly, in Jackson v. State, 5 Ala.App. 306, 57 So. 594 (1912), the Court of Appeals, citing Henderson v. State, supra, said:
“It appears from the record that, after the finding of the indictment and before pleading to it, the defendant demanded a severance, and the court made the order of severance prayed for by the defendant. After this order of severance was made, the defendant pleaded ‘not guilty’ to the indictment, and the trial of the case was then had. Lena Taylor, who was jointly indicted with the defendant, was, after such severance as above stated, against the objection of the defendant, examined as a witness against him. Pretermitting any consideration of the question as to what, if any, effect the legislative enactments on the subject of the competency of witnesses which have been adopted since the Legislature passed the acts now known as sections 7898 and 7899 of the Code have had upon said sections, it is evident that the court was, without regard to such subsequent legislative enactments, without error in permitting Lena Taylor to testify as a witness for the state. • ‘The proper practice seems to be that where two or more defendants are jointly indicted neither is a witness for or against the other, unless some order is made in the case which amounts to an acquittal or a severance. The trial of the one proposed to be offered as a witness must be severed from that of the codefendant against whom he is offered; or else a nolle prosequi must be taken or a verdict of acquittal entered in favor of the proposed witness as authorized by the statute.’ Henderson v. State, 70 Ala. 29; South v. State, 86 Ala. 617, 6 South. 52; Woodley v. State, 103 Ala. 23, 15 South. 820.”
In this case, at the time the co-defendant testified at the first trial, his trial had been severed from that of the defendant, and the rule of law applied in Jackson is uniquely applicable. If, at the time the co-defendant *684 testified, his trial had not been severed, the majority may very well be right, assuming, of course, the Legislature, by adopting § 12-21-223, could affect the competency of a witness to testify. I need not answer that question because both Henderson and Jackson hold that a witness is competent, even in view of the statute, if his case has been severed, as is the case here.
Based on the foregoing, I must respectfully dissent.