492 S.E.2d 624

**In the Interest of RONALD S., Jr., a minor under the age of seventeen years, Appellant.**

No. 2730.

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Sept. 29, 1997.

Assistant Appellate Defender Lesley M. Coggiola, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Caroline C. Tiffin, Assistant Attorney General G. Robert Deloach, III, Columbia; and Solicitor Joseph J. Watson, Greenville, for respondent.

HEARN, Judge:

Ronald S., Appellant, pled guilty to auto breaking, petit larceny, armed robbery and unlawful possession of a pistol. On appeal, he argues Judge Johnson erred in failing to exercise judicial discretion in sentencing. We affirm.[1]

## FACTS

After pleading guilty to charges for auto breaking, petit larceny, armed robbery, and unlawful possession of a pistol, the trial judge questioned Appellant about whether he understood the consequences of his plea. Appellant stated that he did. Thereafter during sentencing, the assistant solicitor presented the court with an Order for Probation, issued by another family court judge five months earlier. This order committed Appellant to the Department of Juvenile Justice, suspended upon the condition that Appellant obey all laws and not commit any other delinquent acts. After reviewing the order, the trial judge replied:

> I respect that judge's order.... [A] Judge has already told him he's going to the Department of Juvenile Justice if he gets in anything else and he did and I respect Court orders,

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

so there's really nothing for me to decide. That's been decided.

He added that Appellant's family could appeal to the supreme court, but that a decision had already been made and "there's really nothing for me to decide."

Appellant's counsel explained to the judge that he was "reluctant to leave the family court with the impression that your Honor does not have the technical power to sentence him otherwise if you had another philosophy...." The judge responded:

> If I believed that it were appropriate for me to make a liar out of another judge and to undermine any respect that juveniles have for what this Court says, and if I didn't respect another judge's judgment, then I could put him on probation. I could send him out without probation, that is correct. But, in fact, I do respect other judge's orders, I do not want to convey to a juvenile that this Court does not mean what it says and I don't think it's appropriate for me to reverse an equal Judge.

## DISCUSSION

Appellant argues the trial judge erred in failing to exercise discretion in sentencing because his belief that he could not exercise discretion due to another judge's prior order was erroneous. The State argues that a "fair reading of the entire record" indicates the judge exercised independent discretion.[2] We agree with the State.

In *State v. Smith*, 276 S.C. 494, 280 S.E.2d 200 (1981), the supreme court clarified the role of the circuit judge who publishes a sealed sentence to a defendant. There, the judge stated he was without authority to grant defendant's motion to change the sentence, obviously believing he was bound by the original sentence. In reversing, the court noted that a sealed sentence does not become the judgment of the court until it is

---

2. The State also argues that Appellant is procedurally barred from raising this issue because his attorney did not properly object. We reject this argument. Our review of the record shows that while Appellant's counsel did not use the word "object" in his colloquy with the trial judge, his comments clearly expressed his disagreement with the judge's decision and gave appropriate grounds therefor.

opened and read to the defendant, and held that the sentencing judge erred in refusing to exercise discretion. "It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly." *Smith,* 276 S.C. at 498, 280 S.E.2d at 202. See also *State v. Jackson,* 290 S.C. 435, 437, 351 S.E.2d 167, 167 (1986).

█ It is even clearer that the family court judge who presides over the dispositional phase of a juvenile proceeding is the sentencing judge. While that judge may certainly take into account a previous judge's decision to place the juvenile under a suspended commitment, he or she, as the sentencing judge, is not bound by that order. The sentencing judge must exercise discretion in imposing sentence on the juvenile.

█ While some statements of the family court judge seem to imply he felt he was bound by the prior judge's order, the record as a whole—particularly his acknowledgement that he could place Appellant on probation if he so chose—reveals his awareness that he possessed the discretion to sentence Appellant. Because he respected the prior order and because he believed juveniles benefit from the consistency of enforcing court orders, he chose to exercise his discretion by abiding by the prior order. This was not error.

**AFFIRMED.**

HOWELL, C.J., and STILWELL, J., concur.