**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ronald Lee Lyons, Appellant.

Appellate Case No. 2022-000169

Appeal From Hampton County
Robert J. Bonds, Circuit Court Judge
Michael Nettles, Circuit Court Judge

Unpublished Opinion No. 2026-UP-010
Submitted November 3, 2025 – Filed January 14, 2026

**AFFIRMED**

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Ronald Lee Lyons appeals his convictions for distribution of fentanyl, trafficking in heroin, and trafficking in methamphetamine and concurrent sentences of fifteen years' imprisonment for each conviction. On appeal, Lyons

argues the court erred in (1) denying his motion for specific performance of a promise made by the South Carolina Law Enforcement Division (SLED) to not obtain warrants for his arrest and (2) declining to reconsider his sentence. We affirm pursuant to Rule 220(b).

1. We hold the trial court did not err in denying Lyons's motion for specific performance. *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Amerson*, 311 S.C. 316, 320, 428 S.E.2d 871, 873 (1993) ("Appellate courts are bound by fact findings in response to motions preliminary to trial when the findings are supported by the evidence and not clearly wrong or controlled by error of law."). To the extent Lyons argues SLED promised not to arrest him or that he would not be prosecuted, we hold the trial court did not err in finding SLED did not have the authority to enter into such an agreement because law enforcement officers do not have the authority to promise not to arrest or prosecute a defendant. *See State v. Peake*, 345 S.C. 72, 77, 545 S.E.2d 840, 842 (Ct. App. 2001) ("[E]nforcement of an agreement not to prosecute is subject to two conditions: (1) the agent must be authorized to make the promise; and (2) the defendant must rely to his detriment on the promise."); *id.* at 80, 545 S.E.2d at 844 ("[A] governmental body cannot be estopped 'by the unauthorized or erroneous conduct or statements of its officers or agents which have been relied on by a third party to his detriment.'" (quoting *S.C. Coastal Council v. Vogel*, 292 S.C. 449, 453, 357 S.E.2d 187, 189 (Ct. App. 1987))); *id.* at 78, 545 S.E.2d at 843 ("[L]aw enforcement officers are utterly without power and authority to grant an accused immunity from arrest and prosecution for violating our criminal laws." (quoting *Yarber v. State*, 375 So.2d 1212, 1227 (Ala. Crim. App. 1977), *abrogated on other grounds by Yarber v. State*, 375 So.2d 1229 (Ala. 1978))). To the extent Lyons argues solely that SLED only promised not to obtain arrest warrants for Lyons, we hold the trial court did not err in denying Lyons's motion for specific performance because an arrest warrant was not necessary for Lyons to be indicted and prosecuted; therefore, granting specific performance in this circumstance would have no practical effect. *See State v. Walker*, 232 S.C. 290, 295-96, 101 S.E.2d 826, 829 (1958) ("[A] grand jury may indict for any crime, certainly any which is not within the exclusive jurisdiction of a magistrate or other . . . court, whether or not there has been a prior proceeding before a magistrate and an arrest warrant issued . . . ."). Finally, we hold Lyons's argument that fundamental fairness should dictate that SLED's promise be enforced was not preserved for appellate review because he did not raise this argument to the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

2.  We hold that although the sentencing court erred in its initial determination that it could not amend Lyons's sentence, it ultimately exercised its discretion when it, after hearing from Lyons's family, indicated that to the extent it could, it was not inclined to alter Lyons's sentence and stated that his sentence was sustained.  *See State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("[T]he authority to change a sentence rests solely and exclusively in the hands of the sentencing judge within the exercise of his discretion."); *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *Smith*, 276 S.C. at 498, 280 S.E.2d at 202 ("It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly."); *State v. Jackson*, 290 S.C. 435, 437, 351 S.E.2d 167, 167 (1986) ("[W]hen a sealed sentence is opened and read, the judge has the authority to consider a motion for reduction of sentence.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.